44087. WILLIAMS, By Next Friend v. HOSPITAL AUTHORITY OF HALL COUNTY et al.

ARGUED JANUARY 13, 1969—DECIDED MAY 5, 1969.

*John N. Crudup,* for appellant.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap, Weymon H. Forrester,* for appellees.

HALL, Judge. 1. The motion to dismiss the appeal is denied.

2. The defendant hospital contends that it has the absolute right to refuse to give emergency treatment to any person. No hospital, public or private, is under a common-law duty to accept everyone who applies for admission; nor is there a duty to maintain an emergency ward. However, this is not the same as the duty owed by a public hospital supported by public tax funds which does maintain emergency facilities for the benefit of the general public. The maintenance of such emergency facilities by a public hospital to render first aid to injured persons has become a well-established adjunct to the main business of a hospital. Treatment is performed by the hospital staff and the patient is billed by the hospital rather than a physician. To say that a public institution which has assumed this duty and held itself out as giving aid can arbitrarily refuse to give emergency treatment to a member of the public who presents himself with "a broken arm and in a state of traumatic injury, suffering mental and physical pain visible and obvious to the hospital employees" is repugnant to our entire system of government.

It has been held in some jurisdictions that a private hospital which maintains emergency facilities does not have an absolute right to refuse aid to a person seriously hurt or ill and may become liable for the worsening of the injury or illness caused by such refusal. Manlove v. Wilmington General Hosp., 53 Del. 338 (169 A2d 18); Wilmington General Hosp. v. Manlove, 54 Del. 15 (174 A2d 135). Cf. New Biloxi Hosp. v. Frazier, 245 Miss. 185 (146 S2d 882); Le Juene Road Hosp. v. Watson (Fla. App.), 171 S2d 202; Methodist Hosp. v. Ball, 50 Tenn. App. 460 (362 SW2d 475). See 62 Columbia L. Rev. 730; 14 Stanford L. Rev. 910; 40 Texas L. Rev. 732. We express no opinion on the duty of a private hospital in Georgia.

While the complaint may not allege every fact that must be proved to enable the plaintiff to recover, we cannot say that it shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved. *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (163 SE2d 327); *Hunter v. A-1 Bonding Service*, 118 Ga. App. 498 (164 SE2d 246), cert. denied, 118 Ga. App. 866; *Harper v. DeFreitas*, 117 Ga. App. 236 (160 SE2d 260); *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 551 (163 SE2d 885).

The trial court erred in dismissing the complaint.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*