### 44902.   BUTLER v. COCHRAN et al.

EVANS, Judge. The appellant brought this action for malicious abuse or use of process on June 2, 1969, as a result of a civil action brought against him by the defendants on October 18, 1965, allegedly for "the sole purpose of humiliating, harassing and embarrassing" him, which he avers terminated in his favor on October 24, 1967, thereby causing him monetary damages in a stated amount for attorneys' fees, loss of time and earnings, and for mental and physical anguish and endangering his health and his happiness. A motion to dismiss because the complaint fails to state a claim against him was sustained. The appeal is from this judgment. *Held:*

1. "Malice . . . may be averred generally." *Code Ann.* § 81A-109 (b) (Ga. L. 1966, pp. 609, 620).

2. Before a claim can be dismissed on motion it must appear beyond doubt that plaintiff cannot recover under any set of facts in support of his claim. *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (2) (163 SE2d 327); *Williams v. Hospital Authority*, 119 Ga. App. 626, 628 (168 SE2d 336).

3. A right of action for malicious abuse of process ends two years after the filing of the suit. If this suit be one for ma-

licious abuse of process, then the same being filed on October 18, 1965, the right of action having accrued on this date, the same is barred by the statute of limitation of two years. *Code Ann.* § 3-1004 (Ga. L. 1964, p. 763); *Addington v. Ohio Southern Express,* 118 Ga. App. 770 (165 SE2d 658).

4. Whether or not the older rules of procedure in malicious use of process cases still control that essential elements thereof must appear, i.e., (1) malice; (2) want of probable cause; and (3) termination of the case in favor of the defendant before the action for damages is instituted, this action alleges all three. *Crawford v. Theo,* 112 Ga. App. 83, 84 (143 SE2d 750).

5. Whether or not this be a malicious abuse or malicious use of process cannot be ascertained from the pleadings, and under the basic premise of the new Civil Practice Act that it does away with issue pleadings and substitutes notice pleadings, inquiry into the issues and the facts are required before dismissal can be made. *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (2) (164 SE2d 246). Accordingly, the judgment dismissing the claim must be reversed, although in further proceedings it may be shown that the claim is one only for malicious abuse of process and the statute of limitation has run, or it may appear that there has been no (1) arrest of his person, (2) seizure of his property, or (3) other special injury. See *Mitchell v. Southwestern Railroad,* 75 Ga. 398; *Jacksonville Paper Co. v. Owens,* 193 Ga. 23 (17 SE2d 76) and cases cited on page 25; *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98 (70 SE2d 734). The enumeration of error complaining of the dismissal for failure to state a claim is meritorious.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*
ARGUED NOVEMBER 4, 1969—DECIDED FEBRUARY 11, 1970.

*Charley G. Morris,* for appellant.
*Lawson A. Cox,* for appellees.