## 46750. WHITEHEAD v. CENTRAL OF GEORGIA RAILWAY COMPANY.

EBERHARDT, Presiding Judge. Beltha Robinson filed suit against Central of Georgia Railway Company seeking to recover damages for the wrongful death of her minor son, who she alleges was killed at a grade crossing when he was a passenger in a truck owned by Charlie Whitehead and operated by his minor son, Mack Arthur Whitehead.

The railroad filed its answer and defenses, and also filed a

third-party complaint against Charlie Whitehead, alleging that the truck was a family-purpose vehicle and was being so used at the time of its collision with the train, and that the death of plaintiff's son had resulted proximately and solely from the negligence of Mack Arthur Whitehead, operator of the truck, for whose negligence the third-party defendant, Charlie Whitehead, was responsible. Whitehead moved to dismiss the third-party complaint, and from a denial of the motion appeals, the trial judge having granted a certificate of review. *Held:*

We reverse. If, as is asserted in the third-party complaint, the negligence of Whitehead's son in driving the truck was the "sole and proximate cause" of the death of plaintiff's minor son, it is apparent that the complaint does not meet the test of *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (165 SE2d 587) and *Southern R. Co. v. Ins. Co. of North America,* 228 Ga. 23, 30 (183 SE2d 912), and cases following these, for, in that event Central of Georgia "has no right to indemnity from [Whitehead] and needs none, since under this set of facts, assuming them to be true, [Central of Georgia] cannot be liable in any event."[1] Whether the allegation that the negligence of Whitehead's son was "the sole and proximate cause" of the death of plaintiff's minor son be construed for or against the defendant it can mean only one thing, and the result is that the railroad seeks to tender another defendant—the very thing which we have held to be impermissible. Indeed, this allegation needs no construction. For the same reason the third-party complaint cannot be sustained on the theory of contribution, since that right exists only between joint tortfeasors. Nor is there any right of subrogation, or of warranty, in favor of Central of Georgia against Whitehead.

---

[1] If a true indemnity situation were presented, arising under a contract or a legal obligation to indemnify, the indemnitor could, under the rule or statute, be made a third-party defendant. This we have recognized.

Anything appearing to the contrary in *Register v. Stone's Independent Oil Distributors,* 122 Ga. App. 335, 344 (177 SE2d 92) must yield to the older decision in *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800, supra, and it will not be followed.

The third-party complaint fails to state a claim upon which relief can be granted and the motion to dismiss should have been granted.

*Judgment reversed. Bell, C. J., Hall, P. J., Pannell, Deen, Quillian and Clark, JJ., concur. Evans, J., dissents. Stolz, J., not participating.*

SUBMITTED JANUARY 3, 1972—DECIDED MAY 3, 1972— REHEARING DENIED JUNE 9, 1972.

*W. L. Dwyer,* for appellant.

*R. L. LeSueur, Sr., H. A. Wilkinson,* for appellee.

EVANS, Judge, dissenting. The majority opinion holds that the third-party complaint should have been dismissed, giving two principal reasons, in substance as follows:

1. The railroad defendant is not entitled to *indemnity* from third-party defendant Whitehead, because the railroad has alleged that Whitehead's negligence was the "sole and proximate cause of death," and by implication that the railroad could not be held liable by the jury because it had alleged another's negligence was solely responsible.

2. The railroad is not entitled to *contribution* from Whitehead because they are not joint tortfeasors, again implying that under the railroad's allegations, there was only *one* tortfeasor, to wit, Whitehead.

The majority opinion cites two authorities, to wit, *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (165 SE2d 587) and *Southern R. Co. v. Ins. Co. of North America,* 228 Ga. 23, 30 (183 SE2d 912). It is respectfully submitted that these two authorities are not applicable.

The *Lester* case, supra, at p. 803, turns on three points, to wit: (a) The proposed third-party defendant cannot be made liable as a joint tortfeasor *because it, as an employer, has*

*already paid workmen's compensation to the plaintiff.* (b) A third-party plaintiff cannot tender to the plaintiff a substitute defendant. (c) The liability of the proposed third-party defendant runs only to the plaintiff.

In the case sub judice workmen's compensation is not involved, and the railroad does not seek to tender to plaintiff a substitute defendant, but alleges in paragraph 8 of his third-party complaint in pertinent part: ". . . the third party plaintiff is entitled to recover from the third-party defendant any and all sums that may be adjudged against him in favor of the plaintiff in the complaint originally filed." Thus, the liability of Whitehead is squarely alleged to be to the railroad—not to the original plaintiff—and then only in the event plaintiff recovers a verdict for damages against the railroad.

The *Southern R. Co.* case, supra, turns on the proposition that a third-party plaintiff is not allowed to allege that the third-party defendant is liable *directly to defendant,* and at p. 31 uses this language: "Third-party pleading does not allow a defendant to implead a third-party defendant to recover on a claim on which the third-party defendant *is alleged to be directly liable to the defendant.* The defendant may only implead one 'who is or may be liable to him for all or part of the plaintiff's claim against him.' Ga. L. 1966, pp. 609, 627; Ga. L. 1969, p. 979 (*Code Ann.* § 81A-114)." (Emphasis supplied.) The railroad's third-party complaint is clearly not included in the inhibition contained in the foregoing language. It did not allege any *direct* liability by Whitehead to the railroad, but it alleged an indirect and contingent liability, in that the third-party plaintiff is entitled to recover from the third-party defendant any and ·all sums that may be adjudged against the railroad in favor of the plaintiff in the complaint originally filed for the death of her guest son in said third-party defendant's car.

Under the statute as to contribution (*Code Ann.* § 105-2012; Ga. L. 1966, p. 433) and under the statute as to third-party complaints (§ 14, CPA; *Code Ann.* § 81A-114; Ga. L. 1966, pp. 609, 627; 1969, p. 979) the defendant rail-

road was entitled to implead the third-party defendant, and did properly implead it.

We quote from the pertinent part of *Code Ann.* § 81A-114, as follows: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." *Code Ann.* § 105-2012 is as follows: "1. Where the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued." In *Southern R. Co. v. City of Rome,* 179 Ga. 449, 455 (176 SE 7), it is held that "trespassers" is synonymous with "tortfeasors."

But the majority opinion points out that the railroad's third-party complaint alleges that Whitehead's negligence was the "sole and proximate cause" of death of plaintiff's son, and construes this as a statement by the railroad that no recovery can be made by plaintiff against it; therefore it does not need a third-party complaint. First of all, this is to construe the pleading most strongly against the pleader, which practice was followed formerly, but under our new Civil Practice Act pleadings must be construed *most favorably towards the pleader.* See *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (2) (164 SE2d 246), and such "notice pleadings" require inquiry into the facts before dismissal can be had. *Butler v. Cochran,* 121 Ga. App. 173 (5) (173 SE2d 275). The railroad's third-party complaint, in paragraph 3 alleged what it contended were the facts surrounding the collision; in paragraph 7 it specified what it contended were various acts of negligence on the part of Whitehead; it also alleged in paragraph 3 that the conduct of Whitehead "was the sole and proximate cause of the collision." But the railroad set forth plainly in said third-party complaint that it was apprehensive of a recovery by plaintiff against the railroad, and it sought the following relief in paragraph 8: "The third-party plaintiff is entitled to recover from the third-party defendant any and all sums that

may be adjudged against him in favor of the plaintiff in the complaint originally filed for the death of her guest son in said parties defendants car." Under our new Civil Practice Act, the entire third-party complaint, and not just segments of it, must be construed together, most favorably toward the railroad. And the *conclusion* that Whitehead committed the sole negligence must be evaluated in light of the factual allegations as to the way the collision is alleged to have occurred, as contained in paragraphs 3 and 7. In *Henderson v. Baird,* 100 Ga. App. 627, 633 (112 SE2d 221), it is stated: "Where a petition states the facts on which the claim of negligence is based, a general allegation in the petition, following a statement of facts relied upon to show negligence, will be construed to have reference to the particular facts pleaded; and, so construed, it is not subject to special demurrer." To the same effect, see *Morehouse College v. Russell,* 109 Ga. App. 301, 321 (136 SE2d 179) citing *Fuller v. Inman,* 10 Ga. App. 680 (4) (74 SE 287). A plaintiff is never penalized because he alleges a greater quantum of negligence than he is required to allege in order to effect a recovery. See *Western Union Tel. Co. v. Harris,* 6 Ga. App. 260 (2) (64 SE 1123).

In *Morris v. Cochran,* 98 Ga. App. 786 (106 SE2d 836) plaintiff had alleged that his own driver committed gross negligence and that defendant Bell committed ordinary negligence and this court said (p. 791): ". . . if the plaintiff is bound by these *legal conclusions,* he obviously cannot recover as against one guilty of less negligence than that imputable to himself . . . Since the plaintiff here did not need to allege or prove gross negligence against his driver in order to sustain his cause of action, and *since the facts alleged do not demand the inference that the driver was more negligent than the defendant Bell, this conclusion may be disregarded."* (Emphasis supplied.) This decision was rendered in that era when pleadings were construed most strongly against the pleader. A fortiori, the present case, where the pleadings are construed most favorably toward the pleader.

As to the suggestion that the railroad does not need a third-party defendant because it alleged at one place that Whitehead committed the sole proximate negligence causing the homicide, which carries the implication that no recovery can be had against the railroad, that argument cuts two ways. If there is to be no recovery against Whitehead, then this third-party complaint cannot injure Whitehead, because the railroad does not seek a direct recovery against him, but limits its claim for relief against Whitehead to "any and all sums that may be adjudged against him [the railroad] in favor of the plaintiff in the complaint originally filed . . ."

I therefore respectfully dissent from the majority opinion and would affirm the trial court in its judgment denying the motion to dismiss the third-party complaint.