64153. WEBSTER v. CITY OF EAST POINT et al.

McMURRAY, Presiding Judge.

For the purposes of this case we find the following to be true. The City of East Point provides electrical service for the residents of that city, performing said services through an electrical department. A customer is required to apply for electrical service by and through the customer service desk in city hall by paying a deposit, unless the customer is favored, that is, meets certain requirements, in which case there is a waiver of the deposit. The city contends that an electrical meter at an apartment involved in this litigation had been removed in April 1977 by a city employee and service discontinued when a prior tenant moved. Subsequently, an employee serving in the capacity of meter investigator made an investigation as to this apartment, found what he contends to be a meter removed from another apartment in unauthorized use at this apartment and after determining that the apartment was rented by Anna Bobo he took out a warrant for her arrest for theft of services on or about May 5, 1978. Anna H. Bobo was subsequently indicted on September 8, 1978, for theft of services (electricity and garbage pickup) provided by the City of East Point. This criminal action proceeded through Fulton County Superior Court until, on or about July 5, 1979, when this indictment was placed on the dead docket.

On October 4, 1979, pursuant to Code Ann. § 69-308 (Ga. L. 1953,

Nov. Sess., p. 338; 1956, pp. 183, 184) and by and through legal counsel, Ms. Bobo set forth in a letter to the mayor of the City of East Point the facts surrounding her arrest and indictment and the dead docketing of the case in Fulton Superior Court and made claim for damages resulting therefrom, contending she had suffered great humiliation, mental pain and suffering and injury to her reputation. In this ante litem notice required by Code Ann. § 69-308, supra, she maintained her innocence, contended the acts of the employees of the city, including the employee who caused this episode, were intentional, the investigation was conducted in a negligent manner and that the city was negligent in employing and hiring and maintaining said employees. She contended she had suffered special damages and also injury to her reputation and peace of mind. Thereafter, on August 18, 1980, her claim not having been considered, she filed suit against the city. The action was in four counts and by amendment thereafter a fifth count of false imprisonment was added.

The City of East Point answered with defenses of failure to state a claim; it is exempt from liability under the doctrine of governmental immunity; plaintiff's injuries were solely, proximately and directly caused by her own acts in that she was engaged in the theft of electricity from the city; her wrongful acts were equal to or greater than any wrongful acts of the defendant, if any; she failed to exercise sufficient ordinary care for her own safety; and she assumed the risk of the consequences of her acts thereafter. The defendant otherwise denied the claim admitting only jurisdiction.

Subsequently, plaintiff amended her complaint in its entirety in the name of Anna Bobo Webster, a/k/a Anna H. Bobo, naming not only as defendants the City of East Point, but the superintendent of the electrical department and an employee, agent and servant, the meter investigator, who took out the warrant for her arrest. She alleged same was done by the defendants acting by and through this agent, causing her arrest for theft of services, the actions being at all times material hereto, unlawful, willful, intentional, deliberate and malicious, causing her great mental pain and suffering due to humiliation and degradation (Count 1). In Count 2 she alleges that defendants acted in an unreasonable manner, failed to give her a reasonable opportunity or to make a reasonable request upon her to pay for any services and defendants were negligent in failing to do so, the same being the sole proximate cause for which she suffered special damages, humiliation, embarrassment and degradation. In Count 3 she alleges the defendants undertook the implied duty to give plaintiff the reasonable opportunity to pay for the electrical services, as well as make a reasonable request of plaintiff to pay and that they

breached the aforesaid implied duties from which she was damaged. Count 4 alleged that the actions of the defendants by and through their agents, servants and employees was in reckless disregard of the consequences to plaintiff and was, therefore, willful and wanton, resulting in an invasion of her personal security and privacy, that is, "her right to be left alone and her right to be secure in her person." Count 5 alleges the actions of the defendants caused her to be unlawfully detained, thereby constituting "a false imprisonment." She therein sought damages (special, general, punitive and reasonable attorney fees, in various and sundry amounts) as to the counts set forth above. An order was obtained to add the two additional defendants as parties upon motion granted, subject to any and all objections; and the clerk was directed to issue process for the purpose of having these parties added as party defendants.

The two employees, the alleged superintendent of the electrical department and the meter investigator separately answered, both contending he was the superintendent of the electrical department of the defendant City of East Point, adding special defenses of failure to state a claim, the action is barred by the statute of limitation, exemption from liability under the doctrine of governmental immunity, the injuries or damages sustained, if any, were caused solely, proximately and directly by plaintiff's own acts in engaging in the act of theft of electricity; plaintiff's acts were equal to or greater than any wrongful acts of the defendants, if any; the plaintiff, had she exercised and conducted her own affairs in a proper and lawful manner, could have avoided any consequences of injury or damage; her failure to exercise sufficient ordinary care for her own safety and well-being bars her recovery; and she knowingly, voluntarily, intentionally and willfully engaged in wrongful acts in the theft of electricity thereby assuming the risk of the consequences thereof. In substance they both denied the claim as to all counts.

After considerable discovery defendants filed a joint motion to dismiss or in the alternative a motion for summary judgment for failure of the complaint to state a claim upon which relief may be granted in that her arrest was authorized as she admitted the receipt of electrical services and the non-payment of same and was indicted by the September 1978 grand jury which acts and admissions negates any liability of the defendants as claimed. Defendants additionally contended, as a basis for their joint motion, that plaintiff had not filed a sufficient and proper ante litem notice as required by law. Further, that plaintiff's complaint, or a portion thereof, was barred by the statute of limitation. Thereafter, the defendants' motion came on for a hearing as stated by the trial judge, "on the basis of Summary Judgment or in the Alternative Motion to Dismiss." The court then

found that Count 5 of plaintiff's complaint alleged false imprisonment of plaintiff by defendants and that she was arrested under a warrant and under the terms of Code § 105-902 and she has no right of action. The court then held that as to the remaining counts, that is, 1 through 4, the plaintiff was arrested on May 5, 1978, and her ante litem notice was filed on October 4, 1979. The court then found that Code Ann. § 69-308, supra, states that the notice must be filed within six months of the event which forms the basis of the complaint and this requirement had not been met. The court then concluded that Count 5 was dismissed on defendants' motion for summary judgment on the basis of Code § 105-902 and defendants' motion to dismiss as to the remaining counts was granted under the provisions of Code Ann. § 69-308, supra, "in that notice was not timely filed as required therein." Plaintiff appeals. *Held:*

1. The trial court having considered evidence by reason of the discovery in this case, that is, matters outside the pleadings have been presented and not excluded, the motion was properly treated as one for summary judgment. It also appears from the pleadings that the action was brought by reason of her arrest in May 1978 and indictment in September 1978, with an ante litem notice attached to the pleadings as required by Code Ann. § 69-308, supra, that is, within six months of the alleged event which forms the basis of the complaint. As to Count 5 the court stated it was based upon false imprisonment and the facts disclosed that she was arrested under a warrant and plaintiff had no right of action by reason of same.

There is no merit in plaintiff's first enumeration of error that the court failed to properly consider the motion as one for summary judgment only.

2. With reference to Code § 105-902, it states that if the imprisonment is by virtue of a warrant "neither the party bona fide suing out nor the officer who in good faith executes the same shall be guilty of false imprisonment, though the warrant is defective in form or is void for want of jurisdiction. In such cases the good faith must be determined from the circumstances." In this case the meter investigator contends he bona fide sued out the warrant against the plaintiff. The facts clearly disclosed that there was an issue of fact as to whether defendant was bona fide in seeking the warrant or whether or not he was premature in doing so in not having sufficient facts on which to base same, particularly where the indictment based upon the warrant has been dead docketed and has not been further prosecuted. We note that illegal imprisonment has been held to apply to a claim against a municipality. *Marks v. City of Rome,* 145 Ga. 399, 400 (3) (89 SE 324).

Nevertheless, the plaintiff has not enumerated error to the

dismissal of Count 5 (the false imprisonment count) but only enumerates error in that the court erred in holding the plaintiff failed to timely meet the requirements of the ante litem notice provisions of Code Ann. § 69-308, supra, and the dismissal of Counts 1, 2, 3 and 4. Accordingly, we proceed to consideration of the remaining enumerations of error.

3. It is not contended here that the ante litem notice was defective in stating the time, place and extent of injury as nearly as practical and the negligence which caused the same or that it was improperly presented to the governing authority for adjustment. Rather, the basis for the trial court dismissing Counts 1, 2, 3 and 4 assumes that the plaintiff's claim must be brought "within six months of the happening of the event," that is, plaintiff's arrest and indictment for the theft of services. However, plaintiff's claim was not viable at that point in time. It would only become so if she were successful in having the criminal prosecution terminated in her favor. The term malicious arrest or malicious prosecution involves the same essential elements as that of the malicious use of process in a civil suit. See *Woodley v. Coker,* 119 Ga. 226, 228 (46 SE 89); *Porter v. Johnson,* 96 Ga. 145, 146 (23 SE 123); *Baldwin v. Davis,* 188 Ga. 587, 588 (1a) (4 SE2d 458). See also in this connection Code Chapter 105-10 wherein the terms with reference to elements as to the meaning of want of probable cause, malice, as well as the definition of malicious arrest appear. As held in *Butler v. Cochran,* 121 Ga. App. 173, 174 (4) (173 SE2d 275), before an action for damages occurs there must be (1) malice; (2) want of probable cause; and (3) termination of the case in favor of the party instituting such action for damages.

In the case sub judice the contentions of the plaintiff are that the case terminated favorably to her by reason of being placed on the dead docket, thus creating her claim, prosecution having ended before her right of action accrued. *Courtenay v. Randolph,* 125 Ga. App. 581, 583 (2) (188 SE2d 396), holds the dead docketing of a case does not terminate it. See also *Highsmith v. Cone,* 138 Ga. App. 330 (226 SE2d 130). See also in this connection, as to when a right of action for malicious prosecution accrues, the case of *Ayala v. Sherrer,* 234 Ga. 112 (214 SE2d 548), which deals with the dismissal of a prosecution and not of a dead docket. It clearly appears that plaintiff's claim is premature and having no claim the filing of the ante litem notice to the municipality was likewise premature.

The ante litem notice found in Code Ann. § 69-308, supra, requires the presentation of "the cause of action" to the governing authority for adjustment and "within six months of the happening of the event upon which such claim is predicated." Under the cirumstances here, with the indictment being placed and presently

remaining on the dead docket, the plaintiff has no claim. Under such circumstances the statute of limitation both as to the ante litem notice and as to time in which suit must be filed as to personal injury (Code § 3-1004) has not materialized. It has clearly been held that the six months termination with reference to Code Ann. § 69-308, supra, is a statute of limitation. See *City of Barnesville v. Powell,* 124 Ga. App. 132, 133 (1) (183 SE2d 55); *Barnum v. Martin,* 135 Ga. App. 712, 715 (2) (219 SE2d 341). Accordingly, the trial court in dismissing the action reached the correct judgment but for the wrong reason given therein. See *Coker v. City of Atlanta,* 186 Ga. 473 (198 SE 74); *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386); *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41, 43 (131 SE2d 790); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405); *Davis v. Jeep Corp.,* 138 Ga. App. 805, 806 (2) (227 SE2d 455). However, the right for any reason is not applicable if it is based on an erroneous theory of the case. See *Smith v. Andrews,* 139 Ga. App. 380, 381-382 (228 SE2d 320). The judgment was a dismissal on the merits, that is, a plea in bar and not a plea in abatement. We, therefore, affirm the judgment with direction to the trial court that the same be based on a dismissal in abatement of the action rather than one on the merits.

*Judgment affirmed with direction. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 8, 1982 —
REHEARING DENIED DECEMBER 3, 1982 — 

*Joseph Weinberg,* for appellant.
*E. Wayne Walhausen,* for appellees.