JOHN H. LOVELACE, plaintiff in error, *vs.* CHAS. A. SMITH *et al.*, defendants in error.

A suit was instituted on a guardian's bond against the principal and security to recover the amount of a judgment alleged to have been rendered against the guardian, and when the judgment was offered in evidence it appeared to have been rendered against the defendant therein in his *individual* capacity, and not as guardian. The plaintiff then moved the Court to amend the judgment, upon the ground that it was rendered upon a note signed by the defendant in his individual capacity, but in the body thereof promised to pay the plaintiff the amount specified in the note "as guardian," without stating for *whom* he was guardian. The Court refused the motion to amend the judgment, and non-suited the plaintiff's case upon the evidence offered to charge the guardian and his security in a suit upon his guardian's bond for the amount of the judgment claimed by the plaintiff: *Held,* that the guardian could not, by any contract, bind the estate of his ward so as to render his security liable therefor, other than such as are specially allowed by law, as provided by the Code, and that there was no error in the refusal of the Court to allow the judgment to be amended, and in granting the non-suit, upon the statement of facts contained in the record.

Suit on guardian's bond. Amendments. Decided by Judge WORRILL. Harris Superior Court. April Term, 1869.

On the 13th of December, 1865, Smith made three promissory notes, payable one day after date, signed "Chas. A. Smith," in which the promise is as follows: "I, as guardian, promise to pay John H. Lovelace or bearer," etc.

Upon these notes Lovelace brought "complaint" against Smith as "guardian for Catharine N. Simpson and Louisa J. Simpson." Smith's attorney confessed judgment to the plaintiff, and Lovelace's attorney entered up judgment as follows: "Whereupon it is considered by the Court that the plaintiff do recover of the defendant the sum of four hundred and ninety-six dollars and sixty cents, for his principal debt; the further sum of twenty-eight dollars and ninety-one cents for his interest, and the sum of six dollars for his costs of suit in this behalf laid out and expended, and defendant in mercy."

Subsequently, an action against Smith and Wm. E. Far-

Lovelace *vs.* Smith *et al.*

ley was brought, in the name of the Ordinary, for the use of Lovelace, averring that Smith, in December, 1860, with Farley as his security, gave a guardian's bond, to be void if Smith should do and perform all the duties of guardianship for the person and property of said Simpsons, as the law required of him, (the bond is set out in *hœc verba;*) that Lovelace had obtained his said judgment " against the defendant, Charles A. Smith, upon three promissory notes, given in his representative character, and that said Smith, as guardian, etc., refuses and has failed to pay said judgment, and that said defendant is wholly insolvent," and therefore was guilty of a breach of said bond, etc.    Its conclusion is in the usual form.

When this last cause came on for trial, counsel for Lovelace moved to amend said judgment, so as to make it bind the estate of said wards in Smith's hands, the avowed object being to use it, when so amended, as evidence in the cause on trial.    The Judge refused to allow the amendment, and no other evidence was offered.    Defendant's attorney then moved to dismiss the cause, and the Judge dismissed it.

Complaint is made here of each of said rulings of the Judge.

L. L. STANFORD, for plaintiff in error, cited Irwin's Code, sec. 3,444; J. J. of Inf. Court Irwin Co. *vs.* Sloan, *et al.*; 7 Ga. R., 38.

JAS. M. MOBLEY, by L. E. BLECKLEY, for defendant, replied that said notes did not bind the effects of the wards; 5th Ga. R., 56; 7th, 43–4; 8th, 241; 25th, 240; Byles on Bills, 117; Ch. on Con., 283; Ch. on B., 225.; Ch. Pl., 33 to 34; Par. on Con., 109, 110; 1st Kelly (Ga. R.) 36; 3d, 126; 9 Ga. R., 184; 13th, 258, 468; 28 E. C. S. R., 33; Toller, 133–4; 2 Bailey, 317; 4 Conn., 544.

Lovelace *vs.* Smith *et al.*

WARNER, J.

This was a suit instituted in the Court below on a guardian's bond, against the principal and his security, to recover the amount of a judgment alleged to have been rendered against the guardian. When the judgment was offered in evidence, it appeared to have been rendered against the defendant therein, in his *individual* capacity, and not as *guardian*. Objection having been made to the introduction of the judgment in evidence, for the purpose of charging the guardian and his security in a suit upon the bond, for a breach thereof, the plaintiff's counsel then made a motion to the Court for leave to amend the judgment, upon the ground that it was rendered upon a note signed by the defendant, Smith, in his individual capacity, but, in the body thereof, promised to pay the plaintiff the sum of money specified therein, " as guardian," without stating for *whom* he was guardian. The Court refused the motion to amend the judgment, and then non-suited the plaintiff's case upon the evidence offered, as contained in the judgment, to charge the guardian and his security in a suit upon the bond, to recover the amount of such judgment as claimed by the plaintiff. The judgment offered in evidence was rendered against Smith, in his individual capacity, and *the* question is, whether it could have been amended so as to be entered up against Smith, as guardian, upon the statement of facts disclosed by the record. The notes on which the judgment was rendered read as follows : " I, as guardian, promise to pay John H. Lovelace or bearer, etc.," and were signed " Charles A. Smith." Story on Promissory Notes, states the rule in such cases to be, that, " As to trustees, guardian's, executors, and administrators, and other persons acting *en autre droit :* they are, by our law, generally held *personally* liable on promissory notes, because they have no authority to bind *ex directo* the persons for whom, or for whose benefit, or for whose estate they act, and hence, to give any validity to the note, they must be deemed *personally* bound as makers. It is true, that they may exempt themselves from personal responsibility

Lovelace *vs.* Smith *et al.*

by using clear and explicit words to show that intention; but in the absence of such words, the law will hold them bound. Thus, if an executor, or administrator should *make* or indorse a note, in his own name, adding thereto the words "as executor," or "as administrator," he would be *personally* responsible thereon. If he means to *limit* his responsibility, he should confine his stipulation to *pay out of the estate?*" Story on Promissory Notes, sec. 63. A promise to pay, "as guardian," comes within the same principle. The more especially is this so, under the special provisions of the Revised Code. By the 1821 section, it is declared that "guardians may make contracts for labor or services with persons of color, or with white persons, for the benefit of the estates of their wards, upon such terms as they may deem best; and all such contracts, made in good faith, shall be a charge upon and bind said estate, *whenever* the same are *approved* by the Ordinary of the county." The 1828 section of the Code declares that "the guardian cannot borrow money and bind his wards therefor, nor can he, by *any contract* other than those *specially allowed by law*, bind his ward's property, or create any lien thereon." The object sought to be accomplished here is, to bind the ward's estate, (that is to say, some ward's estate, for the *name* of the ward is not stated in the notes,) by the individual contract of Smith, which, in our judgment, cannot be done in view of the facts of this case. There was no error, therefore, in the refusal of the Court to allow the judgment to be amended so as to bind the ward's estate, nor in granting the non-suit for the want of evidence to entitle the plaintiff to recover the amount of the judgment in a suit therefor, on the guardian's bond.

Let the judgment of the Court below be affirmed.