48258, 48259. BALKCOM v. MULL et al. (two cases).

QUILLIAN, Judge. These cases involve two complaints, one brought by Richard C. Edwards and another by Judylynne Edwards by her next friend, Mrs. Melba Edwards, against Morgan L. Balkcom. The complaint sought the recovery of damages for an incident on September 7, 1972 involving Judylynne Edwards, an eight-year-old pedestrian, Balkcom, the driver of an automobile,

and Elbert W. Mull, the driver of a school bus that Judylynne Edwards was attempting to board.

The original defendant Balkcom filed a third-party complaint against Elbert W. Mull, the driver of the school bus, and the Floyd County Board of Education, the owner of that school bus. The third-party complaint set out in detail the manner in which the incident occurred. It asserted that Mull was negligent, that the defendant was not liable to the plaintiff because the defendant was not guilty of any negligence and because the injuries were solely and proximately caused by the negligence of the plaintiff and the third-party defendants.

The third-party defendants filed an answer and a motion to dismiss the defendant's third-party complaint on the ground that such complaint failed to state a claim. At the hearing the trial judge granted the third-party defendants' motion to dismiss and from this ruling the defendant (third-party plaintiff) appeals. *Held:*

"The liberalized notice requirements of Rule 8 (a) (CPA § 8 (a); Code Ann. § 81A-108 [Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230]), specifically include third-party complaints. [Thus, such] complaint is adequate if sufficient facts are alleged which upon proper proof would allow recovery by the third-party plaintiff from the third-party defendant under the applicable substantive tort law in force in this state where, as here, the subject matter is the same as that involved in the original action." *Koppers Co. v. Parks,* 120 Ga. App. 551, 554 (171 SE2d 639).

Nevertheless, the third-party complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. Code Ann. § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979 (CPA § 14)). This section does not allow the tender of another defendant who is or may be liable to the plaintiff. 3 Moore's Federal Practice § 14.15, p. 605. The complaint in this case, not being predicated on secondary liability but being based purely on direct liability from the third-party defendants to the plaintiff, constitutes an impermissible tender of another defendant. *Whitehead v. Central of Ga. R. Co.,* 126 Ga. App. 407, 408 (190 SE2d 794); *Smith, Kline & French Labs. v. Just,* 126 Ga. App. 643, 649 (191 SE2d 632).

*Judgments affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED MAY 29, 1973 — DECIDED JUNE 21, 1973.

*Roy N. Newman,* for appellant.
*I. J. Parkerson, James D. Maddox,* for appellees.