54867, 54868. FIRST NATIONAL BANK OF CHATTOOGA COUNTY v. RAPIDES BANK & TRUST COMPANY et al.

BANKE, Judge.

This action was brought by Rapides Bank & Trust Co. as guardian of the property of three minor children, Sonja, Lori, and Angela Stewart. Rapides contends in its complaint that the defendant, First National Bank of Chattooga County, is liable for actual and exemplary damages for the wrongful conversion of four certificates of deposit owned by the children. First National cashed these certificates under the purported authority of four assignment agreements which the children's mother and former guardian, Patricia Lewis, had executed as security for certain loans made to her and her husband by First National.

First National answered, admitting that it had cashed the certificates, but denying that its actions had

been wrongful. It also filed third-party complaints against the other appellees, to wit: General Insurance Co., which had been Patricia Lewis' surety on her guardian bond; Robert Guffin, Jr., who was the agent for General Insurance Co., who had dealt with Mrs. Lewis; and Farmers & Merchants Bank of Summerville, Ga., which had issued one of the savings certificates and had paid the proceeds to First National on the basis of one of Mrs. Lewis' written assignments.

The trial court awarded summary judgments to the plaintiff for principal and interest on the savings certificates, reserving the claim for exemplary damages for trial. It also awarded summary judgment to third-party defendants General Insurance Co. and Farmers & Merchants Bank. It denied the defendant's motion for summary judgment against the plaintiff. This appeal followed.

1. The award of summary judgment to the plaintiff on behalf of the children was authorized. Under Georgia law, a guardian does not have the capacity to borrow money and bind the estate of his ward for the indebtedness except upon application to and authorization by the probate court. Code Ann. § 49-226 (Ga. L. 1958, pp. 673, 679; 1959, p. 171). See *Lovelace v. Smith,* 39 Ga. 130 (1869). The defendant accepted Patricia Lewis' assignments of the certificates of deposit as security for notes which showed on their face that they were personal to her and to her husband. In fact, the assignments contained a "dragnet clause" stating that the certificates were also to serve as security for "any and all other indebtedness of the borrower to the bank whether now existing or hereafter incurred and regardless of the nature of the same whether of a direct or indirect character." Since the certificates showed on their face that they were the property of the children, the assignments could not have operated under any circumstances to transfer title to them as collateral for the loans. Accordingly, the defendant unlawfully appropriated the children's money when it cashed the certificates. See generally *American Nat. Bank v. Fidelity &c. Co.,* 129 Ga. 126 (1) (58 SE 867) (1907).

The defendant contends that it is protected from

liability by Code Ann. § 41A-1605 (Ga. L. 1974, pp. 705, 815) (formerly Code § 13-2042), which provides, in pertinent part: "(a) Whenever any... guardian ... or other fiduciary whether bona fide or mala fide shall deposit any money in any bank *to his credit* as an individual, or as such . . . fiduciary, whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit or any part thereof, *upon the order of such . . . guardian* or other fiduciary, *signed with the name in which such deposit was entered,* without being accountable in any way to the . . . person . . . who may be entitled to or interested in the amount so deposited." (Emphasis supplied.) This contention is without merit. The bank is not charged with paying out the proceeds of the certificates upon the guardian's order. It is charged with accepting them as collateral for a loan to the guardian and her husband and then appropriating the funds to its own use. Furthermore, Mrs. Lewis signed the first assignment agreements in her own name, with no indication of her authority as guardian, whereas all but one of the certificates was made payable to the children alone. For these reasons, Code Ann. § 41A-1605 (a) affords the defendant no defense to the plaintiff's claim.

The defendant also asserts as a defense Code Ann. § 113-1733, which authorizes a guardian to sell evidences of indebtedness belonging to the ward, provided they are sold for their full face value. This contention is also without merit, since Mrs. Lewis did not sell the certificates but assigned them to secure a loan,'an action for which, as stated above, she needed the prior authorization of the probate court. Code Ann. § 49-226, supra. Furthermore, as also pointed out previously, three of the four assignments were insufficient on their face to transfer any interest in the certificates. Finally, the defendant's assertion of the defense of holder in due course is undone by its inability to show that it was "without notice ... of any .. claim to [the certificates] on the part of any person." Code Ann. § 109A-3—302 (1) (c).

2. The award of summary judgment to General Insurance Co. as third-party defendant was also authorized. The basis for this third-party claim is First

National's allegation that General Insurance had an arrangement with Patricia Lewis as surety on her guardian bond under which General's approval was required before she could transfer the children's certificates of deposit. Each of the assignments was countersigned by General's agent, Robert L. Guffin, thereby, according to First National, creating the reasonable impression that General had consented to and approved the transaction.

Even if this contention is taken to be true, it can afford First National no claim against General Insurance for First National's own misappropriation of the certificates. Our Supreme Court has held in *Fidelity &c. Co. v. Butler,* 130 Ga. 225 (1) (60 SE 851) (1907) that an arrangement such as the one existing between Mrs. Lewis and her surety "had the effect to surrender in part the custody and control of the wards' funds to another than the guardian appointed by law, and to put it beyond the power of the guardian to withdraw the fund in case of an emergency; and that it was contrary to public policy." In other words, General's approval or disapproval of the transaction was not legally required, regardless of its agreement with Mrs. Lewis.

Similarly, First National's allegation that General Insurance misrepresented Patricia Lewis' authority as guardian to assign the certificates fails to state a cause of action. "The question as to the legality of the contract being one of law, it is obvious that the [third-party] plaintiff, by consulting an attorney at law, could have had the question determined, and that he was not obliged to rely on the representations of the agent of the [third-party] defendant." *Beckmann v. Atlantic Refining Co.,* 53 Ga. App. 671 (187 SE 158) (1936).

3. The grant of summary judgment to Farmers & Merchants Bank as third-party defendant was also authorized. Although Farmers & Merchants paid the proceeds of one of the certificates of deposit over to First National on the strength of an inadequate assignment and may thereby have incurred liability to the plaintiff, this does not make Farmers & Merchants liable to First National for the latter's own conversion of those proceeds. "[T]he third-party complaint must be against one who is

or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. Code Ann. § 81A-114 . . . This section does not allow the tender of another defendant who is or may be liable to the plaintiff. 3 Moore's Federal Practice § 14.15, p. 605. The [third-party] complaint in this case, not being predicated on secondary liability but being based purely on direct liability from the third-party defendants to the plaintiff, constitutes an impermissible tender of another defendant. [Cits.]" *Balkcom v. Mull,* 129 Ga. App. 277 (199 SE2d 346) (1973).

4. The attorney for the plaintiff also served as attorney for Farmers & Merchants Bank, of which he was a stockholder, director, and general counsel, and for Robert L. Guffin. The appellant made a motion that this attorney be required to withdraw from the case due to the potential conflict of interest between the parties he was representing. The denial of this motion is now assigned as error.

It is clear from the record that the plaintiff and Farmers & Merchants Bank do have potentially conflicting interests in this case. The latter released to First National deposits belonging to the children on the basis of an assignment agreement which was legally deficient on its face. For this reason, it was error not to grant the motion to disqualify the attorney from any further involvement in the case, even though he may have acted in good faith and with the consent of both clients. "Where the fact that an attorney represents conflicting interests comes to the attention of the court before which a cause is pending, the court is required to prevent the attorney from continuing so to act. The test in such cases is not the actuality of conflict, but the possibility that conflict may arise. Logan v. Logan, 97 Ind. App. 209 (180 NE 32) (1932)." *Young v. Champion,* 142 Ga. App. 687 (1), 689-690 (236 SE2d 783) (1977). See *Womble v. Womble,* 228 Ga. 10 (183 SE2d 747) (1971); *Tilley v. King,* 190 Ga. 421 (9 SE2d 670) (1940); *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141 (186 SE2d 559) (1971); Code of Professional Responsibility, Rule 3-105, EC 5-14, 5-15 (Code Ann., Title 9, Appendix).

Although the denial of the motion to require the

attorney's withdrawal was error, it does not require the reversal of any other ruling made by the court thus far in the case, since all such rulings have been on matters of law, based on undisputed facts in the record. The trial court is directed to grant to the plaintiff a reasonable time after it secures new counsel to bring in Farmers & Merchants Bank as a co-defendant, should the plaintiff deem such action desirable.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED MARCH 7, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*Boney & Boney, William U. Hyden, Jr., F. H. Boney,* for appellant.

*Robert E. Surles, Smith, Shaw, Maddox, Davidson & Graham, Groze Murphy, Jr., William Ralph Hill, Jr.,* for appellees.