### 60319. COLLINS v. LEVINE et al.

Birdsong, Judge.

The appellant here is the plaintiff in a suit below against a law firm and an attorney, wherein she alleged that defendants are indebted to her for neglect of professional duties. The appellee, the firm of Parks & Eisenberg, was granted summary judgment on grounds that there was at no time any privity of contract between plaintiff Collins and defendant Parks & Eisenberg but rather that at all times the attorney-client contract and relationship existed only between plaintiff and defendant Levine; that Parks & Eisenberg did not represent plaintiff in the action in question and at no time counseled her relative to it. Further, appellee asserted that even had there been such an attorney-client relationship, it would have ended in July of 1973 when her true attorney Levine moved out of the firm's law offices and took his case with him, so that plaintiff Collins' claim against Parks & Eisenberg is barred by the statute of limitations. *Held:*

1. We affirm the grant of summary judgment to Parks & Eisenberg. The pleadings, depositions, affidavits and exhibits reveal that Mrs. Collins had first retained another attorney to represent her in a medical malpractice action. She was referred by that lawyer, during the pendency of the case (because he had been disbarred) to a friend (Mr. Levine) who had agreed to handle the case. The disbarred attorney sent Mrs. Collins a copy of his letter to the medical malpractice defendants' attorney, which advised: "I have discussed this case with the law firm of Parks & Eisenberg in Atlanta and they have agreed to handle same if litigation becomes necessary." There was handwritten at the bottom of this letter copy a note to Mrs. Collins from the attorney. Mrs. Collins received, executed and returned a retainer agreement in which she agreed to "hereby retain David N. Levine, attorney at law, to represent" her in the case; however, the retainer agreement was enclosed with a cover letter on

stationery bearing the letterhead, in large center print, "Parks & Eisenberg, Attorneys at Law, 1902 Peachtree Street"; and at the top left were printed the names of Sidney Parks and David Eisenberg immediately underscored with a line under which was printed in identical type "David N. Levine." The letter was signed by David N. Levine. All pleadings filed in Mrs. Collins' medical malpractice case were signed "Parks & Eisenberg, By: David N. Levine." Service of the original answer was requested on "plaintiff's attorneys, whose address is Parks & Eisenberg, Atlanta, Georgia"; and the back cover sheet of the complaint showed plaintiff's attorney as "Parks & Eisenberg—Atlanta, Ga."

The defendants, Parks & Eisenberg as a firm and David Levine as an individual, both maintain that they were sharing office space only, that Levine was not a part of the Parks & Eisenberg law firm; that while he sometimes had done work on a cash-for-work-done basis, he did not work for the firm as a member or associate. Levine worked in the firm's offices, or shared space, from 1967 until June or July, 1973, a total of six years. Parks & Eisenberg admits that Levine was permitted to use the firm's stationery, that he did so for several years; that he was permitted to have his name on firm stationery, and Parks & Eisenberg was aware that he regularly used the stationery. However, Parks & Eisenberg denies that Levine was permitted to use the firm's name on his pleadings or that they knew he was using the firm's name as the attorney on pleadings. Levine, to the contrary, testified in deposition that the firm knew he was using its name on pleadings, and apparently approved. Levine admitted that from the stationery with Parks & Eisenberg letterhead and the use of the firm name that it would be reasonable for another to assume he was a member of the firm. Both Parks & Eisenberg and Levine contend they were only sharing office space and that the firm never represented Mrs. Collins (see, in this connection, State Bar of Georgia Canon of Ethics, Ethical Consideration, 2-13; 2-11; DR2-102 (A) (4); 2-102 (B)). Parks & Eisenberg maintain that because the retainer agreement signed by Mrs. Collins was with David N. Levine alone and nowhere in its four corners mentioned Parks & Eisenberg, she had no privity with Parks & Eisenberg and there was no attorney-client relationship.

We agree that no material issue of fact remains in the case and that Parks & Eisenberg was entitled to summary judgment, but not because Mrs. Collins had privity only with Levine. We think the fact that Mrs. Collins had a retainer agreement only with Levine begs the question in this case. If Levine was the real or apparent agent for the firm with regard to Mrs. Collins' lawsuit, then his contract with Mrs. Collins binds the firm, and extrinsic evidence may prove it. See Code

Ann. §§ 4-302, 4-304; *Raleigh & G. R. Co. v. Pullman Co.,* 122 Ga. 700, 709-711 (50 SE 1008); *Fitzgerald Cotton Oil Co. v. Farmers' Supply Co.,* 3 Ga. App. 212 (1) (4), 215-217 (59 SE 713). The law firm would have benefit of that contract (Code Ann. § 4-313). It can easily be seen that notwithstanding that the client's retainer agreement on its face was with Levine alone, had the medical malpractice suit proceeded to judgment against the defendant doctor, Parks & Eisenberg could raise a litigable issue as to whether it was entitled to some benefit of the fee as attorneys for Mrs. Collins, based at the very least on the arguably authorized use of the firm name as plaintiff's attorney in all pleadings of the suit, and the real or apparent authority of Levine to act and represent himself as being part of the firm, and the belief of the client that she had retained the firm or that in retaining Levine she retained the firm (see *Fleming v. Hill,* 62 Ga. 751, 753).

Real issues of fact might have been raised by evidence in this case that would indicate that Parks & Eisenberg might actually have been involved in the case, or that Levine actually or impliedly held himself out to be a member of the firm and represented by his actions to Mrs. Collins that she was represented by Parks & Eisenberg, and further that Levine had apparent authority to do so. But the relevancy of all of these factual determinations falls away in the face of Mrs. Collins' inconsistent statements in her deposition and affidavit. She contends in her affidavit in response to Parks & Eisenberg's motion for summary judgment that she at all times believed Levine was a member or part of the Parks & Eisenberg firm, and that after Levine moved from their offices in 1973, no one, not Levine or Parks & Eisenberg, "bothered to tell" her or the court that Parks & Eisenberg was not associated with Levine; that all the facts and circumstances led her to believe that Parks & Eisenberg and Levine were responsible for the handling of her suit and that she never had any reason to think differently until long after the medical malpractice suit was dismissed. In her deposition Mrs. Collins maintained that she looked to Levine as her attorney and she never had any contact with Mr. Parks or Mr. Eisenberg. She also stated that she believed Levine was a partner in the firm. But there is no dispute that Mrs. Collins knew Levine moved to other offices in 1973 and that never before that time nor, especially, after did she have any contact with Mr. Parks or Mr. Eisenberg; and when asked, "from that point [in 1973 when Levine moved out into another office] on, did you look to Parks & Eisenberg to fulfill the contract, or did you look to Mr. Levine?", she responded: "Well, Mr. Levine was my attorney."

We held in *Feltman v. Nat. Bank of Ga.,* 146 Ga. App. 434, 438 (246 SE2d 447) that where there exist serious conflicts in a party's own testimony, on motion for summary judgment against that party,

we will adopt as her testimony that version most unfavorable to her. See also *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226). We therefore must accept as true Mrs. Collins' statement, in effect, that after Levine left the offices of Parks & Eisenberg in 1973 Mrs. Collins did not look to Parks & Eisenberg as her attorneys but looked to Levine as her attorney. There can be no dispute, then, that if ever Mrs. Collins believed Levine had authority to act as a member of the firm, or if ever he actually had such authority or if ever the firm had in fact been associated in her representation, such was not the case after July, 1973, and Mrs. Collins cannot contend she did not know it. Parks & Eisenberg therefore cannot be liable to Mrs. Collins for any negligent acts with regards to her representation occurring after July, 1973, and for any that might have occurred before that date, the statute of limitations had run when she filed this action in February, 1978. It was therefore correct to grant summary judgment to appellee Parks & Eisenberg.

2. Appellant enumerates as error the trial court's denial of her motion requesting the trial court to require the withdrawal of counsel for the defendants based on conflicts of interest between defendant Levine and defendant law firm Parks & Eisenberg.

We held quite clearly in *First Nat. Bank v. Rapides Bank &c. Co.,* 145 Ga. App. 514, 518 (244 SE2d 51), that where defendants represented by the same counsel have potentially conflicting interests in a case, the counsel should be withdrawn even though he may have acted in good faith and with the consent of both clients.

Defendant Levine and defendant law firm Parks & Eisenberg do have conflicting interests in this case. The positions of the defendants are not identical merely because they both contend they were only sharing office space, for Levine might nevertheless assert that Parks & Eisenberg is estopped to deny apparent authority to him to act or represent himself as a part of the firm. As to Levine's assertion that Parks & Eisenberg knew and approved of the use of its name as plaintiff's attorney on the pleadings, which is in conflict with the contentions of Parks & Eisenberg and is evidence which might render the law firm liable, Levine could not be cross examined by his own attorney who is at the same time Parks & Eisenberg's attorney, and neither could the law firm partners be cross examined on Levine's behalf. The removal of Parks & Eisenberg from the case by summary judgment, sought by Levine's attorney as Parks & Eisenberg's attorney, would potentially have rendered Levine solely liable for any judgment; the same result might be obtained on a trial of the issues even if summary judgment were denied Parks & Eisenberg. The conflicts between the defendants' interests in this case, moreover, are such as would affect not only each defendant but could obviously

affect the plaintiff's case as well. " 'Where the fact that an attorney represents conflicting interests comes to the attention of the court before which a cause is pending, the court is required to prevent the attorney . . . so to act. The test in such cases is not the actuality of conflict, but the possibility that conflict may arise.' " *First Nat. Bank,* supra, p. 518.

We therefore agree that the plaintiff's motion requesting the withdrawal of counsel for the defendants based on conflicts of interest between Levine and the Parks & Eisenberg firm should have been granted; but under the holding in Division 1 herein, the trial court's refusal to do so was harmless. The element in the case which sustains the grant of summary judgment removing Parks & Eisenberg from the case as to Mrs. Collins, is the inconsistent testimony of Mrs. Collins. It has nothing to do with Levine; his testimony may well contain grounds by which Parks & Eisenberg might be kept in to share liability to Mrs. Collins, but assuming that, it would be to no avail in the face of Mrs. Collins' admission that she no longer looked to Parks & Eisenberg after Levine moved out in 1973. The release of Parks & Eisenberg from the case is thus not the result of its counsel's conflict between it and Levine as clients, but is due to the failure of Mrs. Collins' case against the firm.

*Judgment affirmed. Sognier, J., concurs. Deen, C. J., concurs in the judgment only.*

ARGUED JULY 8, 1980 — DECIDED NOVEMBER 19, 1980.

*William R. Carlisle, J. Max Davis,* for appellant.
*Robert G. Tanner,* for appellees.