## 64281. WALLACE v. SCOTT.

SOGNIER, Judge.

Wallace sued Robert and Avan McCormick for breach of a general warranty of title on property purchased by Wallace from the McCormicks. Wallace sought recovery of costs of a lien assessed against the property which had been warranted as free from all liens. Wallace also sued his closing attorney, Kendrick-Holmes, for negligence, but that claim is not before this court on appeal.

The McCormicks filed a third-party complaint against Scott, who had conveyed the property to them by warranty deed, claiming that if the McCormicks were liable to Wallace, then Scott was liable to the McCormicks. Scott answered and moved for summary judgment in her favor. Wallace, although he had asserted no claim against the third-party defendant Scott, moved for summary judgment against Scott. The McCormicks also moved for summary judgment against Scott.

The trial court granted Scott's motion for summary judgment and denied those filed by Wallace and the McCormicks. Wallace appeals the granting of Scott's motion and the denial of his motion. The McCormicks did not appeal, but by brief submitted to this court contend that the trial court correctly granted Scott's motion.

1. Wallace contends that the trial court erred in granting summary judgment in favor of Scott. However, we do not reach the merits of appellant's contentions because Wallace lacks standing to bring this appeal.

Wallace asserted no claim against the third-party defendant Scott, although he could have done so. See Code Ann. § 81A-114(a) and *Robertson v. Webster,* 79 Ga. App. 30 (52 SE2d 511) (1949) wherein this court held that upon a breach of general warranty of title, a cause of action arises against all previous warrantors of title. Since Wallace asserted no claim upon which he could recover against Scott by motion for summary judgment (see Code Ann. § 81A-156(a)), Scott, in turn, had no basis upon which she could obtain summary judgment against Wallace (see Code Ann. § 81A-156(b)). The grant of summary judgment to Scott, therefore, was without any

effect as to Wallace.

Absent a separate claim asserted by Wallace against Scott under the provisions of Code Ann. § 81A-114(a), Scott can be directly liable only to the McCormicks, not to Wallace. Scott's liability can be secondary only and attaches *only if* the McCormicks are liable to Wallace. *Stein v. Burgamy,* 150 Ga. App. 860 (2) (258 SE2d 684) (1979); *Wolski v. Hayes,* 144 Ga. App. 180, 181 (240 SE2d 720) (1977); *Koppers Co. Inc. v. Parks,* 120 Ga. App. 551, 552 (1) (171 SE2d 639) (1969); *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (2) (165 SE2d 587) (1968).

"It follows that [Wallace] is not 'aggrieved' by the grant of summary judgment to [Scott] on the third-party action, which established *only* [Scott's] non-liability to [the McCormicks]." *Davidson v. State Farm Mut. Automobile Ins. Co.,* 161 Ga. App. 21, 22 (288 SE2d 832) (1982). Since Wallace was not adversely affected by the summary judgment in favor of third-party defendant Scott, he does not have standing to appeal from the order granting it. *Davidson,* 161 Ga. App. at 22, supra. Wallace's appeal of the granting of Scott's motion for summary judgment on the third-party action therefore must be dismissed. *Davidson,* 161 Ga. App. at 22, supra; *Jones v. Crown Const. Co.,* 152 Ga. App. 578, 579(1) (263 SE2d 460) (1979). Wallace, however, is not precluded from bringing a separate action against Scott.

2. Having dismissed Wallace's appeal from the *granting* of summary judgment to Scott (see Code Ann. § 81A-156(h)), all that remains is Wallace's appeal of the *denial* of his motion for summary judgment against Scott. This must also be dismissed.

Pretermitting the fact that the third-party complaint against Scott was proper based upon Scott's alleged secondary liability to the McCormicks for all or part of Wallace's claim against them, the effect of Wallace's motion for summary judgment against Scott was that of an impermissible attempt to substitute or tender the third-party defendant Scott in place of the original defendants, the McCormicks. See *Balkcom v. Mull,* 129 Ga. App. 277 (199 SE2d 346) (1973). See also *First Nat. Bank v. Rapides Bank &c. Co.,* 145 Ga. App. 514, 517(3) (244 SE2d 51) (1978); *Koppers,* 120 Ga. App. at 552, supra. Wallace's motion for summary judgment against Scott was for this reason invalid.

Further, had Wallace's motion for summary judgment been valid, we would still be required to dismiss his appeal because he failed to file an application for interlocutory appeal of a denial of summary judgment under Code Ann. § 6-701. *Heller v. Magaro,* 144 Ga. App. 829, 832(1) (242 SE2d 722) (1978).

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1982.

*A. Stephenson Wallace,* for appellant.

*J. Wayne Crowley, Arthur L. Phillips, Thomas C. Kendrick-Holmes,* for appellee.