A89A0984. MORGAN et al. v. MILLER.
(383 SE2d 183)

BANKE, Presiding Judge.

This is a declaratory judgment action, filed by the defendants in a wrongful death action to determine to whom that cause of action properly belongs.

The decedent, Jessie Dan Miller, Jr., died on September 1, 1985, survived by his parents, Jessie Dan Miller, Sr., and Sherrill Miller, and by his minor son, Jessie Dan Miller III. In July of the following year, Jessie III was adopted by the senior Millers, who subsequently filed a wrongful death action against the appellants herein, Dr. Diskin G. Morgan, Diskin G. Morgan, M. D., P. C., and Dr. Akkaraju Sarma. Also named as a defendant in the wrongful death action was the Coffee County Hospital Authority, which is not a party to this appeal. All of these defendants joined in filing the present declaratory judgment action, seeking a judicial determination as to whether the senior Millers were the proper parties to bring the wrongful death action or

whether the cause of action instead belonged to Jessie III. (The latter was named as a defendant in the declaratory judgment action along with the senior Millers, and a guardian ad litem was appointed to represent his interests in the litigation.) The complaint alleged, inter alia, that "[a] controversy exists among the parties to [the wrongful death action] as to which of the defendants herein has the cause of action for the wrongful death of [the decedent], and the parties hereto cannot proceed with the defense, prosecution, or settlement of said action] without substantial risk of being subjected to double liability and multiple actions."

After Mr. and Mrs. Miller and Jessie III had filed their respective answers, Dr. Morgan and his professional corporation moved for judgment on the pleadings, contending that Jessie III had lost his status as the decedent's surviving son upon being adopted by the senior Millers, with the result that the latter were the proper parties to bring the wrongful death action. Not surprisingly, the senior Millers filed a brief in support of this position. The Coffee County Hospital Authority, on the other hand, filed a brief in opposition to the motion for judgment on the pleadings, asserting that Jessie III was the proper party to bring the wrongful death action; and Jessie III filed a brief agreeing with that position. The trial court ruled in favor of Jessie III; and Dr. Morgan, his professional corporation, and Dr. Sarma joined in filing the present appeal. *Held*:

Assuming arguendo that the appellants had standing to seek a declaratory judgment on the issue of who was the proper party to sue them in the wrongful death action, they clearly do not have standing to appeal the trial court's ruling on that issue, inasmuch as their liability for the decedent's death, if any, is not affected by it. " 'A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint.' (Cit.)" *Cooper Motor Lines v. B. C. Truck Lines*, 215 Ga. 195 (1) (109 SE2d 689) (1959). The appeal is accordingly dismissed. Accord *Wallace v. Scott*, 164 Ga. App. 129 (1) (296 SE2d 423) (1982).

*Judgment dismissed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 5, 1989.

*Terry A. Dillard, Bryant H. Bower, Jr., Bobby T. Jones*, for appellants.

*Earl M. McRae, Jr.*, for appellee.