A89A2333. FIRST UNION NATIONAL BANK v. CUMBERLAND CREEK COUNTRY CLUB.
(390 SE2d 422)

McMURRAY, Presiding Judge.

First Union National Bank ("First Union") filed an action against Cumberland Creek Country Club ("Cumberland Creek") and alleged that Cumberland Creek is in default in the repayment of a secured debt. First Union sought to recover on the debt and to foreclose Cumberland Creek's right to redeem its interest in the collateral. Cumberland Creek answered and admitted that the debt was past due, but defended on the ground that it had cured the default by tendering "partial payment" to First Union. Cumberland Creek counterclaimed and alleged that it had suffered damages as the result of First Union's failure to promptly surrender the title to collateral which had been pledged (hypothecated) in an unrelated loan transaction. The case was tried before the court without a jury and the trial court denied First Union's "request for a writ of possession . . ." and entered judgment for Cumberland Creek on its "counterclaim in the

amount of $1,460.00." The trial court did not rule on First Union's claim to recover on the debt. This appeal followed. *Held*:

"Where there is a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. OCGA § 9-11-54 (Code Ann. § 81A-154). In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) (Code Ann. § 81A-154) or there must be compliance with the requirements of OCGA § 5-6-34 (b) (Code Ann. § 6-701). Where neither of these code sections are followed . . . , the appeal is premature and must be dismissed. *Myers v. Mobil America Corp.*, 132 Ga. App. 331 (208 SE2d 169); *Johnson v. Martin*, 132 Ga. App. 813 (209 SE2d 256); *Hancock v. Oates*, 244 Ga. 175, 177 (259 SE2d 437)." *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677). In the case sub judice, the trial court did not adjudicate First Union's claim on the debt. It therefore follows that no final judgment was entered. Consequently, since there was no express determination under OCGA § 9-11-54 (b) and since there was no compliance with OCGA § 5-6-34 (b), this appeal must be dismissed. See OCGA § 5-6-34 (a) (1).

*Appeal dismissed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 12, 1990 —
REHEARING DENIED JANUARY 26, 1990.

*Jones, Morrison & Womack, Lewis N. Jones*, for appellant.
*Hoitink, Whitfield & Halpin, James R. Whitfield*, for appellee.