A91A0386. STONICA v. STATE FARM FIRE & CASUALTY COMPANY.
(402 SE2d 553)

ANDREWS, Judge.

Stonica sued Elrod for slander. State Farm, which insured Elrod under a homeowner's policy, brought a declaratory judgment action against its insured and Stonica, seeking to establish that the policy provided no coverage for the slander claim. Stonica filed a timely answer to the declaratory judgment action, but Elrod did not. The trial court entered an order granting judgment by default to State Farm against Elrod, and declaring that the policy afforded no coverage on the slander claim. Stonica appeals claiming the default judgment against Elrod operated as an erroneous final judgment against him on the merits of the declaratory judgment action.

Stonica has no standing to bring this appeal because the default judgment does not adversely affect him as a co-defendant. *Avis Rent a Car System v. Rice*, 132 Ga. App. 857, 858 (209 SE2d 270) (1974). The default operates as an admission by Elrod of the truth of the factual allegations in State Farm's complaint, and bars her from litigating the merits of the claim. Id. at 858; *Fred Chenoweth Equip. Co. v. Oculus Corp.*, 254 Ga. 321, 323 (328 SE2d 539) (1985). See also *Town of Thunderbolt v. River Crossing Apts.*, 189 Ga. App. 607, 608-609 (377 SE2d 12) (1988) (holding that entry of a default judgment pursuant to OCGA § 9-11-55 (a) in a declaratory judgment action was proper). However, the declaratory judgment entered by default against Elrod is not binding against Stonica, nor is it evidence that can be used by State Farm to obtain a judgment against Stonica.

*Peek v. Southern Guaranty Ins. Co.*, 240 Ga. 498, 499 (241 SE2d 210) (1978).

Moreover, this is not a directly appealable final judgment since it adjudicates the rights and liabilities of less than all the parties, and the trial court made no express determination and direction for entry of such judgment pursuant to OCGA § 9-11-54 (b). *First Union Nat. Bank v. Cumberland Creek Country Club*, 194 Ga. App. 332, 333 (390 SE2d 422) (1990).

*Appeal dismissed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1991.

*Cramer, Weaver & Edwards, Christopher C. Edwards*, for appellant.

*Beck, Owen & Murray, Samuel A. Murray, James R. Fortune, Jr., Long, Weinberg, Ansley & Wheeler, Quinton Seay, Alan L. Newman*, for appellee.