A97A1211. HODGES et al. v. GRANGE MUTUAL INSURANCE COMPANY et al.
(490 SE2d 213)

Judge Harold R. Banke.

Grange Mutual Insurance Company ("Grange") commenced this declaratory judgment action to contest its coverage of a van involved in a traffic accident in which LaSonya Hill perished.[1] Hill's daughters, Leteshia Hodges and Keisha Hill, subsequently initiated a separate wrongful death action through their next friend and guardian, Annie S. Hill (the "Hills" collectively) against Cagle's, Inc. ("Cagle's"), Cagle's Farms, Inc., and Charles D. Davis d/b/a Davis Poultry Company, which sought coverage from Grange. The Hills appeal the trial court's decision to direct a verdict for Cagle's on the finding that Davis owned the van at issue.

Davis purchased the van from Cagle's shortly after arranging to provide all of Cagle's chicken catching services. Davis maintained that this transaction occurred in early May 1993, before the accident. He testified that shortly after he bought the van, he telephoned Grange's agent, who assured him it was covered, as did the claims adjuster who took his statement shortly after the accident.

Prior to the verdict, the trial court determined that at the time of the accident, Davis owned the van. The jury then found that Grange

---

[1] The accident occurred on June 7, 1993.

was required to provide liability coverage to Davis and his employees for any third-party liability claims arising from the accident. *Held*:

The Hills lack standing to appeal the trial court's finding that Davis owned the van. *St. John's Melkite Catholic Church v. Commr. of Revenue*, 240 Ga. 733, 734 (242 SE2d 108) (1978) (appellate court may raise standing issue sua sponte). In this action, they are not "aggrieved" by the trial court's decision because it does not adversely affect them as co-defendants here. *Morgan v. Miller*, 191 Ga. App. 803, 804 (383 SE2d 183) (1989); see *Stonica v. State Farm Fire &c. Co.*, 198 Ga. App. 717 (402 SE2d 553) (1991). The trial court never addressed the issues of Cagle's liability or insurance coverage. A party not aggrieved by the trial court's judgment lacks a legal right to except thereto, because he has no just cause of complaint. *Morgan*, 191 Ga. App. at 804. Thus, where it affirmatively appears that a decision would be of no benefit to the complaining party, dismissal of the appeal is appropriate. See *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794) (1994). The fact that an appellant might possibly derive a future benefit from a favorable adjudication on an abstract issue does not require this Court to retain and decide the case. See id. Accordingly, the appeal is dismissed. See *Wallace v. Scott*, 164 Ga. App. 129, 130 (1) (296 SE2d 423) (1982).

*Appeal dismissed. Pope, P. J., and Johnson, J., concur specially.*

POPE, Presiding Judge, concurring specially.

Although I agree with the majority's conclusion, I write separately because the majority opinion simply states that the Hills were not adversely affected, without focusing on the crucial question: Will the Hills be bound by this ruling in the underlying litigation?

Charles Davis d/b/a Davis Poultry Company contracted with Cagle's to supply crews of chicken catchers for Cagle's chicken farm. Davis provided transportation for his employees in vans, several of which he obtained from Cagle's in early May 1993. The Hills' decedent was killed while riding in one of these vans, and the Hills sued both Davis and Cagle's. Although we do not have the record in that underlying case, the Hills' theory in their wrongful death suit can be inferred from the pleadings and arguments of counsel in this case: the Hills assert that both Davis and Cagle's should be liable, because Davis was acting as Cagle's agent. And in support of this agency theory, the Hills have consistently taken the position that Davis had not actually bought the vans from Cagle's at the time of the accident. Indeed, the trial court's ruling on the ownership issue came in the form of a ruling denying the Hills' motion for directed verdict and granting Grange's cross-motion for directed verdict on the same issue.

Thus, to say the Hills are not aggrieved or adversely affected by

the ruling on ownership because of their status as co-defendants in a declaratory judgment action is unhelpful. *Morgan v. Miller*, 191 Ga. App. 803 (383 SE2d 183) (1989) and *Stonica v. State Farm &c. Co.*, 198 Ga. App. 717 (402 SE2d 553) (1991) focused not on the appealing party's status, but at the reality of their situations. In *Morgan*, the declaratory judgment plaintiffs were defendants in an underlying wrongful death suit, and they brought the declaratory judgment action to determine whether the wrongful death action belonged to the decedent's child or parents. The trial court ruled the child had the right to bring the action, and we held the wrongful death defendants were not "aggrieved" and could not appeal the decision because their liability for the alleged wrongful death was not affected by who the action belonged to. 191 Ga. App. at 804.

A case more similar to this one was *Stonica*, a declaratory judgment action brought by an insurance company against its insured and the plaintiff in an underlying tort action against the insured. The insured failed to answer, and the court entered a default judgment against him. The plaintiff in the underlying action sought to appeal, but we held he could not appeal the entry of a default judgment against his co-defendant in a declaratory judgment action *because he was not bound by it*, and thus was not adversely affected by it. 198 Ga. App. at 717.

Similarly, the Hills are not adversely affected because they are not bound by the ruling they seek to challenge. The Hills are not precluded from relitigating the question of who owned the van, since the court's determination that Davis owned it was not essential to the ultimate judgment in their favor.[2] See *Kent v. Kent*, 265 Ga. 211, n. 2 (452 SE2d 764) (1995); Restatement, 2d, Judgments, § 27. And this will generally be the case when a ruling before or during the trial goes against a party but the ultimate judgment is in that party's favor. See Restatement, 2d, Judgments, §§ 27 (h) & 28 (a) ("[T]he availability of review for the correction of errors has become critical to the application of preclusion doctrine. If review is unavailable because the party who lost on the issue obtained a judgment in his favor, the general rule of [issue preclusion] is inapplicable by its own terms.").

Accordingly, I agree that the Hills' appeal is properly dismissed.

I am authorized to state that Judge Johnson joins in this special concurrence.

---

[2] Apparently, Grange had to provide coverage unless Davis (a) owned the van in early May, *and* (b) failed to call the insurance agent to have the van added to his policy. As the jury found that Davis *did* call the insurance agent to have the van added to his policy, the trial court's determination that Davis owned the van in early May was not essential to the judgment against Grange.

900

Decided August 5, 1997.

*Steven K. Leibel & Associates, Steven K. Leibel, Carol L. Wilker-son*, for appellants.

*Ellis & Easterlin, George M. Peagler, Jr., Harper & Barnes, Russ F. Barnes, Bentley, Karesh & Seacrest, Karsten Bicknese, Robin Y. Fink, Althea L. Buafo*, for appellees.

