# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0204.  PRESTIGE NISSAN INC. et al. v. AMERICAN BANKING COMPANY d/b/a AMERIS BANK.**

Plaintiffs Prestige Nissan, Inc. ("Prestige"), M. Craig Hornsby, and Colby Hornsby initiated this civil action by filing a complaint against defendant American Banking Company d/b/a Ameris Bank ("Ameris").  At that time, all three plaintiffs were represented by attorney James Garrity.  In January 2017, the trial court granted Garrity's motion to withdraw.

The Hornsbys subsequently filed a Notice of Voluntary Dismissal Without Prejudice (the "Notice of Dismissal").  The Notice of Dismissal was signed by each of the Hornsbys, acting pro se, and by Colby Hornsby "as [o]f, and on behalf of Prestige Nissan, Inc., pro se."  On April 12, 2017, the trial court granted Ameris's motions (a) to strike the Notice of Dismissal, (b) for sanctions against the plaintiffs, and (c) to dismiss the plaintiffs' complaint with prejudice.

On May 9, 2017, the Hornsbys filed a notice of appeal, seeking review of the April 12 orders.[1]  The May 9 notice of appeal was signed by each of the Hornsbys, acting pro se, and by Colby Hornsby "[a]s President and on behalf of Prestige Nissan, Inc."  On May 16, 2017, the trial court granted Ameris's motion to strike the May 9 notice of appeal with respect to Prestige on the ground that Prestige was not represented by counsel.  The plaintiffs, through attorney James Garrity, then filed the instant notice of appeal on June 15, 2017, seeking review of the trial court's order dismissing the prior notice of appeal as to Prestige.  Ameris has filed a motion to

---

[1] That appeal has been docketed in this Court as Case No. A18A0234.

dismiss the instant appeal as to the Hornsbys on the ground that they lack standing to challenge the dismissal of the May 9 notice of appeal as to Prestige.

"A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint." *Cooper Motor Lines, Inc. v. B. C. Truck Lines, Inc.*, 215 Ga. 195, 195 (1) (109 SE2d 689) (1959) (punctuation omitted); accord *Morgan v. Miller*, 191 Ga. App. 803, 804 (383 SE2d 183) (1989). Thus, where a party who has not been aggrieved by a trial court decision seeks to appeal that decision, dismissal is appropriate. See *Cooper Motor Lines, Inc.*, 215 Ga. at 195 (2); *Morgan*, 191 Ga. App. at 804.

Here, the Hornsbys were not aggrieved by the trial court's dismissal of the May 9 notice of appeal as to Prestige. Moreover, as there is no indication in the record that either of the Hornsbys is a licensed attorney, there is no basis on which either of them may act on behalf of Prestige in a legal proceeding. See *Eckles v. Atlanta Technology Group, Inc.*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) ("In this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record . . . ."). Consequently, Ameris's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED only as to M. Craig Hornsby and Colby Hornsby. See *Cooper Motor Lines, Inc.*, 215 Ga. at 195 (2); *Morgan*, 191 Ga. App. at 804.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/19/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*