# Court of Appeals
# of the State of Georgia

ATLANTA,  March 28, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0367.  DANIEL ERIC COBBLE v. DENISE FACHINI.

On March 6, 2019, state prisoner Daniel Cobble filed this application for discretionary review, purportedly seeking to appeal a December 4, 2018 trial court order that denied filing of his petition for a writ of mandamus.[1]  However, Cobble has failed to submit a file-stamped copy of the order he seeks to appeal, in violation of Court of Appeals Rule 31 (c), and instead has submitted a subsequent trial court order that granted his request to proceed in forma pauperis.  Consequently, on March 8, 2019, we ordered Cobble to supplement his application within ten days with a stamped "filed" copy of the order to be appealed.  We indicated that failure to comply with this directive would result in dismissal of the application.  Cobble has failed to comply with this directive.  Regardless, we lack jurisdiction for multiple reasons.

To the extent that Cobble seeks discretionary review of the order granting his request to proceed in forma pauperis, we lack jurisdiction for two reasons.  First, the limited record materials Cobble has submitted contain no indication that this is a final order that resolved all issues in this case.  Consequently, Cobble's failure to use the interlocutory appeal procedures, including obtaining a certificate of immediate review from the trial court, deprives us of jurisdiction over this application.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).  Second, because Cobble was not aggrieved by the order granting his request to proceed in forma pauperis, he has no legal right to appeal that decision.  See *Cooper Motor Lines, Inc. v. B. C. Truck Lines, Inc.*, 215 Ga. 195, 195 (1) & (2) (109 SE2d 689)

---

[1] This is Cobble's thirty-fifth filing in this Court since 2002.

(1959); see also *In the Interest of J. R. P.*, 287 Ga. App. 621, 622-624 (1) & (2) (652 SE2d 206) (2007); *Morgan v. Miller*, 191 Ga. App. 803, 804 (383 SE2d 183) (1989).

To the extent that Cobble seeks to appeal the December 4 order, we likewise lack jurisdiction, also for two reasons. First, we denied Cobble's prior application for discretionary review of the December 4 order in *Cobble v. Fachini*, No. A19D0233 (Jan. 3, 2019). Our denial of that application bars further appellate review of the December 4 order. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) ("[T]he denial of an application for discretionary appeal is an adjudication on the merits of the underlying order and acts as res judicata in subsequent proceedings."). Second, an application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Cobble's instant application was untimely filed 92 days after entry of the December 4 order.

For each of the above reasons, we lack jurisdiction over this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  03/28/2019
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, *Clerk.*