43955.   CAMP v. HATCHER et al.

ARGUED SEPTEMBER 4, 1968—DECIDED JANUARY 9, 1969— REHEARING DENIED JANUARY 21, 1969—

*Mundy, Gammage & Cummings, E. Lamar Gammage, Jr.,* for appellant.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellee.

FELTON, Chief Judge. The plaintiff in this case presents facts seeking to show that it is entitled to an affirmance of its summary judgment on two theories of law: (1) that the facts pre-

sented show as a matter of law that the contract sued on was not procured by fraud or duress, and (2) that assuming that there was fraud and duress by which the execution of the contract was procured, both the fraud and duress were waived by the defendant when he paid the sum of $50,000 to the plaintiff as a credit on the contract sued on knowing at the time of such payment all of the facts and circumstances which he alleges constituted the fraud and duress upon which he relies now to seek relief against the enforcement of the contract sued on. We deem it unnecessary to determine whether there are issues of fact for a jury on the question whether there was fraud or duress in the procurement of the contract, since assuming that there were duress and fraud we are required, under the law, to hold that both were waived by the payment of $50,000 to be credited on the amount called for by the contract, with knowledge of all the facts at the time of such payment which facts form the basis of the present claim of fraud and duress. There is no merit in the defendant's contention that he did not pay the $50,000 but that it was simply retained by the plaintiff from funds paid by the U. S. Government on the judgment in the condemnation case. It is undisputed in the record that the defendant received in part payment of his judgment a U. S. Treasury check for $79,835.53, which he endorsed and delivered to plaintiff with the understanding that it remit to him a check for the difference between the amount of this Government check and $50,000 due from him to plaintiff, which was done and a photostatic copy of plaintiff's check for $29,835.53, payable to defendant and marked paid, is in the record as plaintiff's exhibit. The record shows without contradiction that the defendant knew of all the facts upon which he relies to show duress and fraud at the time of the partial payment on the contract which he contends was procured by duress and fraud, and knew that any danger of threat or duress was at an end. The compelling answer to the principal question involved is demanded by the following authorities: *Gibson v. Alford,* 161 Ga. 672, 685 (132 SE 442); *Hunt v. Hardwick & Co.,* 68 Ga. 100; *Monk v. Holden,* 186 Ga. 549 (198 SE 697).

The court did not err in rendering judgment for the appellee.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*