## 57833. WALSEY v. AMERICAN FLETCHER NATIONAL BANK & TRUST COMPANY.

UNDERWOOD, Judge.

This is an appeal from a summary judgment in favor of American Fletcher National Bank & Trust Company (the bank) in its action against Karen Walsey to collect on two promissory notes. The bank filed a motion in this court pursuant to Code Ann. § 6-1801 for damages contending that the appeal has been brought here for purposes of delay. We affirm the judgment of the court below, but deny the motion for damages.

In 1976 Karen Walsey and her husband executed two promissory notes, as co-makers, in favor of the bank. The principal amount of the smaller of the two notes was repaid, but $1,977.48 interest remains unpaid. Only a small portion of the principal amount of the larger note in the original amount of $150,000 was repaid and the bank filed suit against Walsey and her husband after demand for payment and proper notice of its intention to enforce the provision for payment of attorney fees. The appellant's answer contended essentially that she did not receive the proceeds of the loans personally and there was therefore a failure of consideration which removed any liability as to her. Subsequently, the appellant's husband was voluntarily dismissed as a defendant pursuant to Code Ann. § 81A-141.

After taking Karen Walsey's deposition the bank filed its motion for summary judgment which was scheduled and postponed once at the request of appellant's counsel. At the rescheduled hearing on the motion, neither appellant nor her counsel appeared and after some effort to communicate with appellant's counsel, the court permitted the bank to present its motion. The motion was granted and judgment was entered for the unpaid principal, interest and attorney fees. In her three enumerations of error, the appellant contends that the

grant of summary judgment was error.

Code Ann. § 81A-156 (e) provides, in pertinent part, as follows: "[W]hen a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." In her affidavit submitted in opposition to the motion for summary judgment, the appellant merely swore that the substance of her answer to the complaint was true. This did not satisfy the requirement to set forth specific facts to show a genuine issue for trial. Where a motion for summary judgment is filed, it is the duty of each party to present his case in full. *Summer-Minter & Associates v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974). The presence of material issues of fact to be tried must be apparent in some way other than the pleadings. "Pleadings, unsupported by evidence at the hearing on a motion for a summary judgment, do not raise factual issues that prevent granting of the judgment. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580)." *Gregory v. Vance Publishing Corp.,* 130 Ga. App. 118 (4), 120 (202 SE2d 515) (1973). The bank presented a prima facie case as to the appellant. See *Feltman v. Nat. Bank of Ga.,* 146 Ga. App. 434 (246 SE2d 447) (1978). No genuine issues of material fact were raised and it was not error to grant the bank's motion for summary judgment.

With respect to the motion for damages pursuant to Code Ann. § 6-1801, this record is subject to the interpretation that the appeal may have been brought for purposes of delay but we are unable to conclude that this was the "only" purpose of the appeal. We note also that the judgment below included substantial attorney fees and future interest which further mitigate damages based upon delay associated with the appeal.

*Motion for damages denied. Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

Argued May 3, 1979 — Decided September 4, 1979.

*David S. Eisenberg,* for appellant.
*Albert Sidney Johnson, Harmon W. Caldwell, Jr.,* for appellee.