**57952. GREENWAY et al. v. DeKALB COUNTY et al.**
**57953. ELARBEE et al. v. GREENWAY et al.**
**57954, 57955. PEABODY INTERNATIONAL CORPORATION v. GREENWAY et al.**

SMITH, Judge.

In Cases 57952, 57953, and 57954, Mr. and Mrs. L.D. Greenway, Fred Elarbee, Jr., Dexter Crotts, C & E Properties, and Peabody International Corporation appeal from the trial court's grant of summary judgment to DeKalb County. By way of interlocutory review, in Case 57955 Peabody International also appeals the court's grant of a motion made by Elarbee, Crotts and C & E Properties to dismiss Peabody International's third-party complaint against them. We affirm the grant of summary judgment and reverse the grant of the motion to dismiss.

Mr. and Mrs. Greenway initiated this action against DeKalb County and Peabody International for the wrongful death of their six-year-old son, his death occurring when he was playing in a large refuse container and its doors fell on him. Peabody International was the manufacturer of the container, and DeKalb County was allegedly the owner of the container and was the entity responsible for providing sanitation service to the Greenways' apartment complex, where the container was located. Peabody International impleaded the owners and operators of the apartment complex, Elarbee, Crotts and C & E Properties, d/b/a Elmwood Apartments.

Peabody International alleged in its third-party complaint that the owners of the complex maintained the container and had knowledge that children had played in the container on occasions prior to that of the death of the Greenways' son. Peabody also asserted in its complaint: "While expressly denying that it was negligent in any manner whatsoever in this case, third-party plaintiff states that if any negligence may be found on its part, third-party defendants were jointly and severally negligent and accordingly are or may be liable to said third-party plaintiff for all or part of any sum which may be adjudged against the third-party plaintiff in favor of the plaintiff in this case by way of contribution and/or indemnity."

Asserting that DeKalb County should be held liable for the wrongful death, the owners of Elmwood Apartments filed a cross claim against the county. Peabody International did likewise. The cross claim as well as the main action against DeKalb County were disposed of, in the county's favor, by way of its motion for summary judgment. Also, the third-party complaint was dismissed for failure to state a claim of secondary liability.

1. The trial court erred in granting the motion to dismiss made by Elarbee, Crotts and C & E Properties. The dismissed third-party complaint sought to hold the third-party defendants liable to Peabody International, on the theories of indemnity and contribution, for any damages the Greenways might recover against Peabody. The rationale of *McMichael v. Ga. Power Co.*, 133 Ga. App. 593 (211 SE2d 632) (1974), is applicable here and mandates our holding, contrary to the third-party defendants' contention that the third-party complaint is an impermissible tender of a substitute defendant. Compare *Whitehead v. Central of Ga. R. Co.*, 126 Ga. App. 407 (190 SE2d 794) (1972). See *Smith &c. Lab. v. Just*, 126 Ga. App. 643 (191 SE2d 632) (1972) and *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974).

2. DeKalb County conclusively showed that sovereign immunity shielded it from liability, and the trial court properly sustained the county's motion for summary judgment. "A county is not liable to suit for any cause of action unless made so by statute." Code § 23-1502. No such statute pertains here.

Contrary to their contention, appellants' assertion that DeKalb County illegally monopolizes the business of providing sanitation service for non-industrial users cannot invoke the exception to immunity demonstrated by *Baranan v. Fulton County*, 232 Ga. 852 (209 SE2d 188) (1974), which recognizes that a county may be held liable for a taking of private property for public purposes. Under appellants' reasoning, the only arguable public "taking" effected by the asserted monopoly was of the potential business of private trash collectors. The county's provision of sanitation services is authorized by statute (see Ga. L. 1966, p. 828), and we cannot realistically apply to the instant case the line of cases exemplified by *Baranan*,

concerning a real property owner's right of action against a county for its maintenance of a nuisance damaging his property. See also *Miree v. U. S.,* 242 Ga. 126 (249 SE2d 573) (1978), as further authority for our conclusion that sovereign immunity here protects the county as a matter of law.

3. Because of our holding in Division 2, we need not concern ourselves with the question of the timeliness of the notice given DeKalb County.

*Judgment affirmed in Case Nos. 57952, 57953 and 57954. Judgment reversed in Case No. 57955. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JUNE 11, 1979 — DECIDED OCTOBER 1, 1979.

*Charles E. Campbell, Paul D. Copenbarger, L. Joseph Loveland, Kirk McAlpin,* for appellants. (Case No. 57952).

*George P. Dillard, Gail C. Flake, Jack O. Morse, David A. Handley,* for appellees.

*L. Joseph Loveland, Kirk McAlpin,* for appellants. (Case No. 57953).

*Paul D. Copenbarger, George P. Dillard, Gail C. Flake, David A. Handley, Jack O. Morse,* for appellees.

*David A. Handley, Jack O. Morse,* for appellant. (Case No. 57954).

*George P. Dillard, Gail C. Flake, L. Joseph Loveland, Kirk McAlpin, Paul D. Copenbarger,* for appellees. (Case Nos. 57954 and 57955).

*David A. Handley, Jack O. Morse,* for appellant. (Case No. 57955).