## 59267. HART v. TRUST COMPANY OF COLUMBUS.

SOGNIER, Judge.

In 1974 Hart borrowed $10,000 from the Trust Company. After making about half of the monthly installment payments due on the promissory note Hart defaulted. The Trust Company sued for the unpaid balance and attorney fees, attaching a copy of the note to the pleadings. Hart answered, denying the indebtedness and claiming that the Trust Company was indebted to him for the amounts he had paid on the note; that his liability was limited to the value of his interest in certain real estate described in a security deed referred to on the face of the note by virtue of language contained in the note, and if this was not the case then he was induced to execute the note through the Trust Company's misrepresentation and fraud; that he was not indebted because of total failure of consideration; and that the real estate described in the third defense was worth far more than the amount he is alleged to owe, and the Trust Company could have foreclosed the security deed to recover everything owed them. Hart also filed a counterclaim for the amounts already paid by him to the Trust Company on the note.

The Trust Company moved for summary judgment supported by affidavits of two officers and an attorney. Hart filed his own affidavit in response, generally repeating the allegations of his answer and counterclaim. Summary judgment was granted to the Trust Company and Hart appealed. We affirm.

The Trust Company's affidavits in support of its motion for summary judgment established the following facts. The note was executed by Hart in the presence of a former vice-president on June 24, 1974; the proceeds from the loan in the amount of $10,000 were deposited in Hart's checking account; on November 3, 1976, this officer sent an attorney's fee letter after Hart defaulted on the loan payments; Hart was still indebted to the Trust Company when this officer left to become president of another bank. A current vice president of the Trust Company averred that Hart is still indebted on the note executed June 24, 1974; that Hart made 26 of 48 scheduled payments leaving 22 installments plus late charges due and unpaid at the time of suit, in the amount of $6,037.24, not including interest from date of filing and attorney fees; that the Trust Company still holds the note and it is due and unpaid; and that this officer had personal knowledge of Hart, the note, the amounts paid thereon and the balance due. The attorney for the Trust Company swore that Hart had acknowledged receipt of the attorney's fee letter sent by the Trust Company and that he had also sent a fee letter to Hart by certified mail as evidenced by a copy of

the letter and a receipt.

Hart in his answer admitted execution of the note, receipt of $10,000 by having it credited to his bank account and paying monthly installments on the note until October 1, 1976, after which time he made no further payments. His affidavit, which was the only one filed in opposition to the Trust Company's motion for summary judgment, failed to meet the requirements of CPA § 56 (c) (Code Ann. § 81A-156 (e)). No copies of any instrument or the security deed referred to in his answer and affidavit were filed as required by the statute, and no specific facts were set forth to show that a genuine issue as to any material fact existed.

Hart admitted receipt of the $10,000 consideration, so there is no question of failure of consideration. Nor does the failure to foreclose on the alleged security deed raise an issuable defense since the option to sue on the note was one of several remedies available to the Trust Company. *Brown v. Rooks,* 240 Ga. 674 (242 SE2d 128) (1978). The note itself shows that there is no limitation as to Hart's liability, and no fraud which would relieve him from liability was timely alleged or established. "Where a debtor voluntarily pays a part of an amount claimed to be due by his creditor on a contract which the debtor seeks to attack on the ground of duress and fraud in an action against him by the creditor for an overdue instalment thereunder he is conclusively deemed to have waived the duress and fraud if at the time of the partial payment he has knowledge of all the facts upon which he now bases his claim of fraud and duress as a ground for avoiding the validity and enforcement of the contract and at a time when the alleged duress was at an end. *Camp v. Hatcher,* 119 Ga. App. 63 (166 SE2d 422) (1969). See also, *Widincamp v. Patterson,* 33 Ga. App. 483, 484 (3) (127 SE 158) (1924). "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co. v. Adams,* 122 Ga. 802, 803 (50 SE 915) (1905).

By its pleadings and affidavits the Trust Company presented a prima facie case that it was entitled to judgment on the promissory note, and Hart failed to come forward with evidence sufficient to create an issue of fact to be decided by a jury. Hart's affidavit, merely swearing that the substance of his answer to the complaint was true, did not satisfy the requirement to set forth specific facts. More than conclusory allegations are required. *Walsey v. American Fletcher Nat. Bank &c. Co.,* 151 Ga. App. 104, 105 (258 SE2d 760) (1979); *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357) (1977); *Hathcock v. National Bank of Ga.,* 147 Ga. App. 134 (248 SE2d 206) (1978).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 14, 1980 — DECIDED APRIL 11, 1980.

*Rudolph Jones,* for appellant.
*Lee R. Redmond, Jr.,* for appellee.