66421. HYDE et al. v. KLAR.

BIRDSONG, Judge.

On motion for rehearing the previous opinion of this court is vacated and the following substituted therefor.

Janet Horne sued Wendy Hyde and Lester Hyde, alleging that she suffered personal injury when a vehicle driven by Wendy Hyde collided at an intersection with the vehicle in which Ms. Horne was a passenger. Wendy Hyde answered and then filed a third-party complaint against Tom Klar, the driver of the vehicle in which Ms. Horne was a passenger. The third-party complaint alleged that Klar's negligence was the proximate cause of Ms. Horne's injury, and prayed for contribution from Klar in the event Wendy Hyde was found liable. Appellant Hyde later amended this third-party complaint to allege that Klar's negligence was a contributing proximate cause of Ms. Horne's injuries. On motion the trial court dismissed Hyde's third-party complaint. We granted interlocutory appeal of this dismissal. *Held:*

The trial court erred in dismissing the third-party complaint. Appellee has argued that OCGA § 9-11-14 (a) (Code Ann. § 81A-114) controls the disposition of this case. That code section provides: "*When defendant may bring in third party.* At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a

party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . ."

We conclude the limitation inherent in that code section relates to cases such as products liability where the manufacturer has as equally direct a responsibility to the consumer as does the retailer, for damages resulting from the use of the sold product. In such a case, there is no direct liability by the manufacturer to the retailer for injuries or damages occurring to the consumer. Thus, a suit by the consumer against the retailer does not authorize the retailer to file a third-party complaint against the manufacturer whose tort liability, if any, is to the consumer. This indeed would be substituting defendants as contemplated by the statute. *Brabham v. Brown,* 147 Ga. App. 766 (250 SE2d 495). As contemplated by the language in the statute, a third-party defendant may be brought in only if the third-party defendant would be liable over to the original defendant. *National Life Assur. Co. v. Massey-Ferguson Credit Corp.,* 136 Ga. App. 311 (220 SE2d 793).

OCGA § 51-12-32 (a) (Code Ann. § 105-2012) provides: "(a) Where a tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if an action had been brought against them jointly. Without the necessity of being charged by action or judgment, the right of a joint trespasser to contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death and release therefrom."

The term "joint trespasser" is synonymous with "joint tortfeasor." *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (165 SE 2d 587). Moreover, the right of contribution from a joint tortfeasor not sued in the action is a substantive right. *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, 126 (179 SE2d 68).

In *McMichael v. Ga. Power Co.,* 133 Ga. App. 593, 594 (211 SE2d 632), this court held that a third-party complaint is maintainable under OCGA § 9-11-14 (a) (Code Ann. § 81A-114) for contribution against one who is or may be liable to the third-party plaintiff for all or a part of the original plaintiff's claim against him and that the entry of judgment is not required before a third-party action can be maintained for contribution.

In the present case, if a jury could find that the negligent acts of appellants, if any, combined with those of Klar as a joint tortfeasor caused the injuries to plaintiff, the proper action would be to file a third-party action for contribution so that the court and jury could determine in one action the merits of the plaintiff's claim in light of the third-party action for contribution. In *Gosser v. The Diplomat*

*Restaurant,* 125 Ga. App. 620, 622 (188 SE2d 412), it was stated: " 'Where the applicable state law permits contribution among joint tortfeasors regardless of whether plaintiff has sued them all in the first instance, it is clear that defendant can bring in other joint tortfeasors in order to enforce his claim for contribution. The fact that contribution may not actually be obtained until the original defendant has been cast in judgment and has paid does not prevent impleader; the impleader judgment may be so fashioned as to protect the rights of the other tortfeasors, so that defendant's judgment over against them may not be enforced until the defendant has paid plaintiff's judgment or more than his proportionate share, whichever the law may require.' "

In the present case, Hyde's third-party complaint clearly is based upon potential contribution between joint tortfeasors. The third-party complaint alleges that if the defendants/third-party plaintiffs are found to be liable to the plaintiff, and if the third-party defendant was also negligent and that this negligence was a contributing cause to the plaintiff's injuries, the third-party defendant (Klar) owes a contribution to the third-party plaintiffs (the Hydes). These allegations clearly plead a third-party demand as a joint tortfeasor. If negligence is established, the third-party defendant (Klar) would be liable to the third-party plaintiffs (Hyde) for contribution and would be secondarily liable to the third-party plaintiffs. For the reasons stated, the trial court erred in dismissing the third-party complaint.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 21, 1983 — ▬▬▬▬▬

*Glenn Whitley,* for appellants.
*Larkin M. Fowler, Jr., Hilliard P. Burt, C. Nathan Davis,* for appellee.