**72562. RICHARDS v. UNIMORTGAGE CORPORATION et al.**
(348 SE2d 680)

BIRDSONG, Presiding Judge.

Jeanette Richards sued Unimortgage Corporation, Owen Thayer and Union Security Life Insurance Co., alleging that defendant Unimortgage through its agent Owen Thayer fraudulently told her and her husband that credit life insurance was a requirement for the second mortgage loan they applied for, and fraudulently put in the insurance application the husband's age as younger than 65 so as to qualify him and Richards for the loan. Upon his death, Jeanette Richards applied for the credit life benefits, but the defendant Union Security refused payment, having discovered the deceased husband was older than 65 when the application was made. The trial court granted summary judgment to the defendants, upon finding from the evidence that Jeanette Richards and her deceased husband had direct knowledge and expected that Thayer would put the husband's age as younger, and therefore the element of justifiable reliance upon the alleged fraud was missing (see *City Dodge v. Gardner*, 232 Ga. 766 (208 SE2d 794)) and appellant could not recover; further, that she was not misled to believe credit life insurance was necessary for the loan, because the loan documents clearly provided such insurance was not required, and she admitted reading the documents and having them explained and admitted understanding them. She appeals. *Held*:

The trial court correctly granted summary judgment to the de-

fendants. In the appellant's deposition, she states that she and her husband "knew [his date of birth] was going to be misstated the morning we signed the [loan documents and insurance application]"; that they expected the agent to record him in the application as several years younger than he was; and that when they later received document copies in the mail, they saw the falsified date on the application and discussed it, but did nothing. In *Lynch Enterprise Fin. Corp. v. Realty Constr. Co.*, 176 Ga. 700 (3) (168 SE 782), it was held: "There is no fraud if the other party knows that the representation is false. [Cit.]" See also *Camp v. Hatcher*, 119 Ga. App. 63, 69 (166 SE2d 422); *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329 (268 SE2d 384). As to the allegation that Thayer also defrauded her by representing that credit life insurance was required to give the loan, the evidence shows the loan documents clearly and prominently stated credit life insurance was not a prerequisite to obtaining the loan; and appellant signed it and testified the documents were explained to her and she understood them. She is deemed to have read this statement and understood it (*Hart*, p. 330). She cannot now claim she was deceived by Thayer's representation to the contrary so as to excuse any illegality on her part committed because of such representation; and so as to allow her, moreover, to recover damages for the denial of insurance coverage which she knew she was not entitled to have and concurred in false revelations to get. Compare *Gaines v. Wolcott*, 119 Ga. App. 313, 318-319 (167 SE2d 366).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 16, 1986 —
REHEARING DENIED SEPTEMBER 2, 1986

*Karen D. Barr*, for appellant.
*H. Joseph Chandler, Jr.*, for appellees.