73919. GILLIARD v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION et al.
(356 SE2d 734)

CARLEY, Judge.

Alleging a negligent failure to procure credit life insurance on the life of her husband, appellant brought suit against appellees. She appeals from the trial court's grant of appellees' motion for summary judgment.

When construed most favorably for appellant, the evidence shows that she and her husband applied for a loan from appellee Fulton Federal through its loan officer, appellee Vickers. At the time that this application for a loan was submitted, appellant and her husband requested credit life insurance on the life of Mr. Gilliard. According to appellant, appellee Vickers stated at that time that he would "procure" the insurance. The loan application was accepted and, shortly after the loan closed, Mr. Gilliard died. When the loan was not paid off by proceeds from a credit life insurance policy because no such insurance had ever been secured, appellant brought this action.

In support of her claim, appellant relies upon the alleged representations of appellee Vickers made at the time of the loan application and upon a disclosure form which was submitted to the Gilliards at the loan closing and which was signed by them. That portion of the loan closing form dealing with insurance reads, in material part, as follows: "Credit life insurance . . . [is] not required to obtain this loan and [is] not available from Fulton Federal unless the appropriate box below is checked and the applicable information completed. If available, credit life . . . insurance will not be provided unless you sign and agree to pay the additional cost." The form provided to the Gilliards shows that credit life insurance was made "available" to them by appellee Fulton Federal in that the appropriate box had

been checked and a premium amount had been entered in the space provided. The Gilliards did not, however, sign the form on the line which had clearly and conspicuously been provided for them to indicate that it was their desire to purchase the available insurance. Instead, they merely signed the bottom of the form, thereby acknowledging receipt of the disclosures otherwise made therein.

" 'A party who can read must read, or show a legal excuse for not doing so. . . .' [Cit.]" *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329, 330 (268 SE2d 384) (1980). The law does not create a confidential or fiduciary relationship between a financial institution and those with whom it deals. *Big Bend Agri-Svcs. v. Bank of Meigs*, 174 Ga. App. 493, 495 (1) (330 SE2d 422) (1985). There is no evidence of any special circumstances establishing a confidential or fiduciary relationship between the Gilliards, as loan applicants, and appellee Vickers, as a loan officer. The Gilliards were not authorized to rely on appellee Vickers' alleged representation concerning procurement of credit life insurance, which was made at the time of their mere application for a loan, to the utter exclusion of undertaking to read the loan documents that were subsequently provided to them at the time the loan actually closed. See generally *Curtis v. First Nat. Bank of Commerce*, 158 Ga. App. 379, 380 (1) (280 SE2d 404) (1981); *Stewart v. Boykin*, 165 Ga. App. 868 (303 SE2d 50) (1983). Compare *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974). Obviously, there would be no need to "procure" credit life insurance until such time as a loan application has first been approved by the lender and the loan is then closed by the borrower. Until that time, no credit has been extended. There is also no evidence of fraud or other legal excuse which would have relieved the Gilliards of their duty to read the disclosure statement. See *Riker v. McKneely*, 153 Ga. App. 773 (266 SE2d 553) (1980); *Richards v. Unimortgage Corp.*, 180 Ga. App. 131 (348 SE2d 680) (1986). Compare *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986).

Under the evidence of record, the Gilliards had the duty to read the loan disclosure form. Contrary to appellant's assertions, that form does not show their desire to purchase credit life insurance and appellees' awareness thereof. Rather, it indicates that the Gilliards either decided not to purchase the insurance or failed to familiarize themselves with the contents of the disclosure form and to take the steps necessary to procure the insurance that was being provided. Accordingly, the trial court correctly granted appellees' motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 20, 1987.

*Fred R. Kopp, M. Theodore Solomon II*, for appellant.
*James D. Hudson*, for appellees.