73750. ARA TRANSPORTATION et al. v. BARNES et al.
(359 SE2d 157)

BIRDSONG, Chief Judge.

Pauline Thrash, guardian ad litem for Paulette Thrash, sued ARA Transportation ("ARA"), the owner-operator of a school bus, and Searcy, the bus driver, for injuries received by the child when she

was struck by a taxi cab after she alighted from the bus. The plaintiff contended the bus stopped and discharged the child where there was no traffic control device or marked crosswalk; that the bus did not activate its red or yellow flashing lights, and did not extend its stop-arm. The taxi cab apparently did not stop when the bus stopped, and struck the child as she walked in front of the bus.

Defendants ARA and Searcy denied the allegations of negligence and asserted that Paulette Thrash had been proximately and contributorily negligent. ARA and Searcy then impleaded as, third-party defendants, Rapid Taxi Group, Inc., Rapid Taxi Co., Inc., and the taxi driver Barnes, asserting the taxi driver negligently drove his vehicle into the child, and saying that "[s]ince Plaintiff contends Defendant/Third Party Plaintiffs are liable to Plaintiff, said Plaintiff's contentions being specifically denied by Defendants/Third Party Plaintiffs, Third Party Defendants, jointly and severally, are or may be liable to Defendants/Third Party Plaintiffs for the claim made in the action against Defendants/Third Party Plaintiffs on theories of contribution and indemnity."

The trial court dismissed the third-party defendants from the lawsuit upon finding that ARA and Searcy "attempted to substitute the [taxi cab] Defendants in this case by denying that the original Defendants are liable in any way to the Plaintiff and asserting that the three Third-Party Defendants are the culpable parties. Such a substitution of new Defendants is not permitted in third-party practice. *Brabham v. Brown*, [147 Ga. App. 766 (250 SE2d 495)]."

We granted this as an interlocutory appeal. *Held*:

1. The basis of the trial court's ruling, and the proposition advanced by third-party appellees, is that the defendant ARA Transportation cannot implead a third-party as secondarily liable to it for all or part of plaintiff's claim, and at the same time suggest that it (defendant ARA) may not be liable at all with the consequence that the third-party may be solely and directly liable to the plaintiff. This, says appellee third-parties, constitutes an improper "tender of a substitute defendant."

The seminal case pertaining to this issue is *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, 800 (2), 801 (165 SE2d 587), where we held: "[T]o maintain the third-party complaint, the present defendant must show that in some fashion the proposed third-party defendant 'is or may be . . . secondarily' liable to it. . . . In other words, in order to recover on a third-party complaint, [third-party plaintiff] must establish a right over against [the third-party defendant] either by indemnity . . . subrogation, contribution or warranty." The defendant in that case asserted that the third-party defendant's negligence was the sole proximate cause of the plaintiff's death, and the court held in that event the defendant had no right to indemnity or

contribution from the third-party. A great many cases have followed this one. E.g., *Winkler Inc. v. Vilston, N. V.*, 172 Ga. App. 686 (324 SE2d 542); *Stein v. Burgamy*, 150 Ga. App. 860 (258 SE2d 684); *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720); *Balkcom v. Mull*, 129 Ga. App. 277 (199 SE2d 346); *Smith, Kline & French Lab. v. Just*, 126 Ga. App. 643 (191 SE2d 632); *Whitehead v. Central of Ga. R. Co.*, 126 Ga. App. 407 (190 SE2d 794); *Central of Ga. R. Co. v. Lester*, supra.

The defendants ARA et al., having pled that third-party defendants (appellees Barnes et al.), jointly and severally, are or may be liable to defendant third-party plaintiff for the claim made in the action against defendant, third-party plaintiff on theories of contribution and indemnity, satisfy third-party pleadings as codified in OCGA § 9-11-14.

The defendant has a right to deny liability but plead in the alternative (OCGA § 9-11-8 (e) (2)) that if he is liable the third-party is or may be liable to him for all or part of plaintiff's claim against him, pursuant to CPA Rule 14, OCGA § 9-11-14. We have upheld a third-party impleader in cases where the defendant also denied any liability. See *Greenway v. DeKalb County*, 151 Ga. App. 556 (1) (260 SE2d 552); *McMichael v. Ga. Power Co.*, 133 Ga. App. 593 (211 SE2d 632). But compare *Southern R. Co. v. Union Camp Corp.*, 181 Ga. App. 691 (353 SE2d 519). If the impleader satisfies the pleading requirements of OCGA § 9-11-14 but nevertheless is not permitted by the trial court to bring in a third-party because defendant alternatively denied any liability, the refusal of the third-party impleader will constitute error inasmuch as it deprives the defendant of his undisputed right *under the principle* to bring in one who *is or may be* liable "to him" for all or part of plaintiff's claim against him.

The trial court erred in dismissing this third-party complaint.

2. Rapid Group, Inc. was granted summary judgment by the trial court as follows: "On the record as a whole it is found that Rapid Group, Inc., is not an insurer or surety or a common carrier as that term is defined in Georgia law, and cannot therefore be sued directly upon an insurance theory. It is further found that Rapid Group, Inc., was not the employer or otherwise in a position to supervise in any way the actions of Defendant Oscar Lee Barnes; nor was Defendant Oscar Lee Barnes an independent contractor of Rapid Group, Inc.; nor did Rapid Group, Inc., participate in the employment of Defendant Oscar Barnes."

The trial court erred in granting summary judgment to Rapid Group, Inc. In the first place, the affidavit of Solomon Bekele, President of Rapid Group, Inc. fails in form and content to set forth specific facts showing there is no genuine issue of material fact, as required by OCGA § 9-11-56. Bekele's affidavit in support of summary

judgment merely states: "I have reviewed the 'Statement of Material Facts Which Are Not in Dispute as to Motion for Summary Judgment' which is submitted in support of Rapid Group, Inc.'s motion for summary judgment in this case, and hereby state from my own personal knowledge the facts stated therein are true and correct." The Statement of Material Facts Not in Dispute, referred to in the affidavit, is a pleading stating certain "facts," filed by the attorney of Rapid Group, Inc. Pleadings, unsupported by evidence at the hearing on a motion for summary judgment, do not raise factual issues that prevent granting of a summary judgment. *Walsey v. American Fletcher Nat. Bank*, 151 Ga. App. 104 (258 SE2d 760). In *Walsey*, we held that an affidavit in which the affiant merely swore that the substance of her answer to the complaint was true, does not satisfy the requirement to set forth specific facts showing there is a genuine issue for trial, and that he is entitled to judgment as a matter of law. The statute clearly provides that "affidavits shall . . . set forth such facts as would be admissible in the evidence." OCGA § 9-11-56 (e). Particularly since the movant bears the burden of proof and the respondent is entitled to every favorable inference and the benefit of every doubt, a mere sworn affirmation of a pleading will not suffice. Moreover, to the extent that the attorney has stated certain "facts not in dispute" in a pleading, they are at best mere conclusions on his part; and an affidavit merely swearing such conclusions are true does not amount to a statement *in the affidavit or elsewhere* of specific facts showing there is no genuine issue of material fact. See *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329, 330 (268 SE2d 384).

In the second ground of the grant of summary judgment, the trial court found that Rapid Group, Inc. "was not the employer or otherwise in a position to supervise . . . Barnes; nor was [Barnes] an independent contractor of Rapid Group, Inc.; nor did Rapid Group, Inc. participate in the employment of [Barnes]." Even assuming the movant's affidavit to be sufficient to satisfy the requirements of OCGA § 9-11-56, the statement therein that Barnes did not have a relation to Rapid Group, Inc. as employee, servant, agent or even independent contractor, are not shown by Rapid Group, Inc. to be supported by any evidence, much less beyond any material issue of fact, as to Rapid Group, Inc.'s right to control the time, manner and method of Barnes' work, and at best are mere conclusions. See *Grant v. Jones*, 168 Ga. App. 690 (310 SE2d 272). Moreover, in any case, the movant did not pierce the allegations as to its negligent entrustment of the vehicle to Barnes, as these are not negated by the assertion that Barnes was not its employee, servant, agent or even an independent contractor. There was no duty upon respondents ARA and Searcy to produce refuting evidence until the movant Rapid Group, Inc. had pierced the allegations of the third-party complaint and produced evidence conclusively

negating the essential elements entitling the respondents to recover under any theory that may be fairly drawn from the pleadings and evidence. The movant cannot win summary judgment upon mere conclusory statements in his affidavit. *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465).

The trial court erred both in granting summary judgment to Rapid Group, Inc. and in dismissing all third parties from the case.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 8, 1987 —
REHEARING DENIED JUNE 24, 1987.

*George H. Connell, Jr., Christopher E. Penna*, for appellants.

*Victor Long, Thomas E. Cuffie, Sidney L. Moore, Jr.*, for appellees.