LEROY DANCY, PLAINTIFF–RESPONDENT, v. EVELYN R. POPP, THE NATIONAL SURETY CORPORATION AND FIREMAN'S FUND INSURANCE COMPANY, DEFENDANTS–APPELLANTS.

Argued February 15, 1989—Decided March 30, 1989.

*Lars S. Hyberg* argued the cause for appellant Evelyn R. Popp (*McAllister, Westmoreland, Vesper & Schwartz,* attorneys).

*Cindy J. Baen* argued the cause for appellants The National Surety Corporation, et al. (*Patricia Richmond Le Bon,* attorney).

*Donald N. Elsas* argued the cause for respondent (*Kent, Grayer & Rosenberg,* attorneys).

*Robert M. Kaplan* submitted a brief on behalf of *amicus curiae* New Jersey Full Insurance Underwriting Association (*Slimm, Dash & Goldberg,* attorneys).

PER CURIAM.

■ This case arises from a dissent in the Appellate Division over the question whether the recital in plaintiff's application for auto insurance that he had been informed of the availability of additional uninsured and underinsured motorist coverage (UIM) precluded a claim for reformation of the policy or damages against the agent for failing to inform him of the availability of UIM coverage in the amount of $100,000. Plaintiff's policy insured him for $35,000 of UIM coverage. He has suffered injuries alleged to have caused damages substantially in excess of that amount due to the negligence of an underinsured motorist. In support of a summary judgment motion, defendants relied solely on the fact that Dancy's signature appeared below the contrary recital. The trial court granted summary judgment, but on appeal a majority of the panel voted to reverse.

We are satisfied to affirm the judgment of the Appellate Division's majority that there is a sufficient basis in law to permit plaintiff to assert factual claims in conflict with the policy's recital. Its opinion, to be published herewith, sets forth in detail the competing factual and legal claims. 232 *N.J.Super.* 1 (App.Div. 1988).

Of course, we agree that a party "is bound by the instrument he signs in the absence of evidence showing that he was misled or that there were other circumstances excusing him from scrutinizing the document." *Hansen v. Western Home Ins. Co.*, 89 *Or.App.* 68, 72, 747 *P.*2d 1007, 1010 (1987) (quoting *Knappenberger v. Cascade Ins. Co.*, 259 *Or.* 392, 399, 487 *P.*2d 80, 87 (1971)), *review den.*, 305 *Or.* 576, 753 *P.*2d 1387 (1988). Absent "evidence of fraud or other legal excuse which would have relieved the [party] of the[ ] duty to read the disclosure statement" on a policy, the party is bound. *Gilliard v. Fulton Fed. Sav. & Loan Ass'n*, 182 *Ga.App.* 678, 678–79, 356 *S.E.*2d 734, 735–36 (1987). These principles of law are easily stated; the difficult task is drawing the line where "other circumstances" or "other legal excuse" relieve a party of the preclusive effect of the legal norm. *See* Calamari, "Duty to Read—A Changing Concept," 45 *Fordham L.Rev.* 341 (1974). Thus,

[w]hile we have said that, in general, an insured is chargeable, for reasons of business utility, with knowledge of the contents of a policy in the absence of fraud or inequitable conduct on the part of the insurer * * *, where such fraud or inequitable conduct does appear, * * * the insured is bound only to make such examination as would be reasonable for the average person under the particular circumstances * * *. [*Harr v. Allstate Ins. Co.*, 54 *N.J.* 287, 309–10 (1969).]

Although the asserted breach of duty on the part of the agent does not here rise to the level of fraud, it was conceded at oral argument that the conduct would be a breach of the agent's fiduciary responsibility and present a conflict with the legislative policy set forth in *N.J.S.A.* 17:28–1.1(b) that UIM coverage "shall be provided as an option by an insurer," up to a limit of $250,000, but not more than the owner's bodily-injury

and property-damage coverage. (Dancy had $100,000 in bodily-injury coverage.)

█ This is not meant to suggest in any sense that plaintiff did not have a duty to read his policy, nor that a factfinder should not weigh that strongly against plaintiff in ascertaining whether there has been a breach of the agent's responsibility. Nor do we mean to imply that plaintiffs must or should win at trial. "Defendant's proofs may be so substantial when all the evidence is in that plaintiff[ ] will not be entitled to a judgment." *Harr, supra,* 54 *N.J.* at 308. Defendants assert that they informed the plaintiff of the availability of the coverage, and that his election of a $35,000 coverage for UIM evidences this informed choice. *See Whatley v. Universal Sec. Ins. Co.,* 177 *Ga.App.* 424, 339 *S.E.*2d 398 (1986) (judgment for insurer when insured admitted that agent filled in the form "with an 'x' in the 'rejected' column" for the uninsured motorist option after agent questioned him and he answered on each option). None of those issues is before the Court. All that we hold is that sufficient facts have been shown to raise a question whether the plaintiff made such examination of his policy as would be reasonable under the circumstances and whether defendant knew that no such examination had been made. There is some evidence in this case that the agent was aware of plaintiff's asserted inability to read the declarations language; and there is a claim that the fine print of the provision was inconspicuous in its placement in the policy. *See Heake v. Atlantic Casualty Ins. Co.,* 15 *N.J.* 475 (1954) (applicant for auto insurance policy not bound by inconspicuous policy language inconsistent with his statement to agent). These factors, in addition to the legislative mandate that greater coverage be provided as an option, mitigate in favor of the limited departure from the usual rule that "an insured is chargeable, for reasons of business utility, with knowledge of the contents of a policy * * *." *Harr, supra,* 54 *N.J.* 309.

The judgment of the Appellate Division is affirmed.

574

*For affirmance*—Chief Justice WILENTZ and Justices HANDLER, O'HERN, and STEIN—4.

*For reversal*—Justices CLIFFORD, POLLOCK and GARIBALDI—3.

CLIFFORD, POLLOCK and GARIBALDI, JJ., dissenting:

We would reverse the judgment below substantially for the reasons set forth in the dissenting opinion of Judge Gruccio, reported at 231 *N.J.Super.* 598 (1988).