A10A0594. MURRAY et al. v. PATEL.

(696 SE2d 97)

ANDREWS, Presiding Judge.

We granted Brittany Murray's and Anthony Hill's interlocutory application in order to determine whether the trial court erred in dismissing their third-party complaint. After reviewing the record, we conclude that it did, and we reverse.

The underlying facts are that Ratilal C. Patel and Gauriben Patel ("plaintiffs") were passengers in a car driven by their son Hiren Kumar Ratilal Patel ("Patel"). Plaintiffs were injured when Patel's car collided with a car that was disabled on the road. Murray had been driving the disabled car, which was owned by Anthony Hill.

The plaintiffs sued Murray and Hill for their injuries. Murray and Hill then filed a third-party complaint against Patel. Patel filed a motion to dismiss, raising two grounds: (1) that the third-party complaint was an impermissible attempt to substitute defendants; and (2) because the Georgia legislature had abolished joint and several liability as of February 16, 2005, there was no longer any right of contribution. In a brief order with no findings of fact or conclusions of law, the trial court dismissed the third-party complaint with prejudice.

1. Patel's first argument in support of his motion to dismiss the third-party complaint was that it was an impermissible attempt to substitute defendants.

A third-party complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. OCGA § 9-11-14 does not allow the tender of another defendant who is or may be liable to the plaintiff. . . . There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant but not to tender the third party as a substitute defendant. Only one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like.

(Citations and punctuation omitted.) Lamb v. K. M. Ins. Co., 208 Ga. App. 746-747 (431 SE2d 744) (1993).

Patel points to statements in the third-party complaint alleging that "Third Party Defendant's negligence was the sole and proximate cause of plaintiffs' alleged injuries." Patel contends that the third-party complaint does not allege an independent basis of recovery by the third-party plaintiffs against the third-party defendant.

In their prayer for relief, however, Murray and Hill also sought, inter alia, "[t]hat in the event a judgment is issued against [them], they be entitled to indemnification from [Patel]." OCGA § 9-11-14 (a) provides: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The statute is liberally construed. See *Smithloff v. Benson*, 173 Ga. App. 870, 877 (328 SE2d 759) (1985).

This case is factually on point with *Hyde v. Klar*, 168 Ga. App. 64 (308 SE2d 190) (1983). In that case, we reversed the dismissal of a third-party complaint brought by Hyde, the defendant driver, against Klar, the driver of the car in which the injured plaintiff was a passenger. We ruled that

> if a jury could find that the negligent acts of [Hyde], if any, combined with those of Klar as a joint tortfeasor caused the injuries to plaintiff, the proper action would be to file a third-party action for contribution so that the court and jury could determine in one action the merits of the plaintiff's claim in light of the third-party action for contribution.

Id. at 65. The only difference between the instant case and *Hyde* is that here, Murray and Hill also alleged that Patel's negligence was the sole proximate cause of the plaintiffs' injuries while in *Hyde*, Hyde alleged that Klar's negligence was a contributing proximate cause.

In this case, the allegations in the third-party complaint are sufficient. This is because OCGA § 9-11-8 (e) (2) allows a party to set forth two or more statements of a claim or defense alternatively or hypothetically, so that it is permissible for a defendant to deny liability as to the plaintiff's claim, while simultaneously impleading a third-party defendant and alleging that if the defendant/third-party plaintiff is liable to the plaintiff, then the third-party defendant is liable to him. *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 438 (383 SE2d 867) (1989). See also *ARA Transp. v. Barnes*, 183 Ga. App. 424, 426 (359 SE2d 157) (1987) (trial court erred in dismissing third-party complaint because defendant has the right to deny any liability and to plead in the alternative that if he is liable,

the third party may be liable to him for all or part of the plaintiff's claim against him).

In *Whitehead v. Central of Ga. R. Co.*, 126 Ga. App. 407 (190 SE2d 794) (1972), the case cited by Patel in the trial court, we held that the third-party complaint was improper because the defendant completely denied liability. Here, on the other hand, having asserted a prayer for indemnification, Murray and Hill have satisfied the third-party pleading requirements of OCGA § 9-11-14.

2. Patel's second argument in support of the motion to dismiss was that the right of contribution no longer exists under Georgia law. The 2005 amendment to OCGA § 51-12-33 (b) provides:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

Patel contends that because joint and several liability has been abolished, Murray and Hill cannot assert their third-party complaint. Patel cites to no authority in support of this argument, and we find none. The purposes of the statutes are not incompatible. Rather, the plain language of OCGA § 51-12-33 (b) requires that the fact-finder apportion liability between the defendant and the third-party defendant, and neither has the right of contribution against the other.

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED MAY 28, 2010 — ▆▆▆▆▆▆▆▆

*Cruser & Mitchell, Raymond R. Grant II*, for appellants.
*Hartley, Rowe & Fowler, Joseph H. Fowler, Harper, Waldon & Craig, Kimberly A. McNamara, John E. Alday*, for appellee.