# Court of Appeals
# of the State of Georgia

ATLANTA,  February 08, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0280 and A19D0282.    LADERRION UNDERWOOD v. SHEILA ALEMAN.

The plaintiff, Tiffany Lynn Martinez, filed a complaint for damages against Sheila Aleman for the wrongful death of her mother after a collision between a vehicle driven by Aleman and a vehicle driven by Laderrion Underwood. Aleman then filed a third-party complaint against Underwood. After a default judgment was entered against Underwood, he filed a motion to set aside the judgment. The trial court denied Underwood's motion, and he filed this application for discretionary appeal docketed in Case No. A19D0280 and an identical application docketed in Case No. A19D0282. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

Here, the plaintiff's case remains pending and the record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b). Consequently, the order Underwood seeks to appeal is a non-final order that did not resolve all issues in the case. See e.g., *Murray v. Patel*, 304 Ga. App. 253, 253 (696 SE2d 97) (2010) (appeal of an order dismissing a third party complaint properly brought by interlocutory application); see *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App.

774, 774-775 (1) (556 SE2d 468) (2001) (an order denying a motion to set aside a default judgment is not final where the case remains pending against other defendants). Underwood therefore was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (8) (an appeal from an order denying a motion to set aside under § 9-11-60 (d) must be initiated by filing an application for discretionary review).

Underwood's failure to follow the proper appellate procedures deprives us of jurisdiction over this premature application in Case No. A19D0280, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.

The identical application in Case No. A19D0282 is also hereby DISMISSED as superfluous.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __02/08/2019__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____ , Clerk.